**Armarie Bounds GALLOWAY, Administratrix For the Estate of William Raymon Galloway, Plaintiff,**

v.

**Anne KORCEKWA, Administratrix of the Estate of Elsie Pearson, Defendant.**

**No. EC 71–78.**

United States District Court,
N. D. Mississippi, E. D.

Feb. 25, 1972.

---

Lawrence Chandler, Henry L. Lackey, Calhoun City, Miss., for plaintiff.

W. P. Mitchell, of Mitchell, Rogers & Eskridge, Tupelo, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

■ This is a diversity action for the wrongful death of William Raymon Galloway (Galloway) brought by the administratrix of his estate. The action arises from an automobile accident which occurred in the State of Alabama, and is presently before the court on defendant's motion to dismiss. Defendant[1] contends that the court lacks jurisdiction over her.

■ Galloway, prior to his death, was a resident and citizen of Calhoun County, Mississippi, Galloway's wife, Amarie Bounds Galloway (Plaintiff), a resident and citizen of Calhoun County, Mississippi, is the administratrix of his estate which is being administered in the Chancery Court of Calhoun County. Elsie Pearson, prior to her death, was a resident and citizen of Pontotoc County, Mississippi. Her estate is being administered by Anne Korzekwa (Defendant), a resident and citizen of Memphis, Shelby County, Tennessee.[2]

---

1. Defendant is sued as "Anne Korcekwa, *Administratrix* of the Estate of *Elsie* Pearson", whereas, her correct name and title is "Anne Korzekwa, *Executrix* of the Estate of *Elsie Leona* Pearson, deceased". It is conceded, however, that defendant received the summons in the action, and the incorrect spelling of the defendant's name, and the designation of her as the Administratrix rather than the Executrix of the estate, appears to the court, under the circumstances, to be immaterial.

2. The plaintiff being a citizen of the State of Mississippi and defendant being a citizen of the State of Tennessee, diversity of citizenship exists to sustain the jurisdiction of the court. 28 U.S.C.A. § 1332

The complaint alleges that on or about December 27, 1969, Galloway was a guest passenger in an automobile being driven by Elsie Pearson. There were also three minor passengers, the children of Elsie Pearson, riding in the back seat of said automobile. The automobile was proceeding in a westerly direction on U. S. Highway No. 278 in the State of Alabama, approximately 8.1 miles east of Hamilton, Alabama, when it collided head-on with a truck being driven by Louis Daniel Cameron of Birmingham, Alabama. Galloway was killed instantly as a result of the collision, along with Elsie Pearson and the three children. The trip originated in the State of Mississippi and the parties were enroute back to Mississippi when the accident occurred. The complaint alleges that Elsie Pearson was guilty of negligence which caused said accident which resulted in the death of Galloway.

Plaintiff brought this action under Section 1453, the "wrongful death section" of the Mississippi Code Annotated (Supp.1971). Service of process upon defendant was acquired through service on the Secretary of State of the State of Mississippi.

The defendant, pursuant to Rule 12(b) Fed.R.Civ.P., filed a Motion to Dismiss contending that this court lacks jurisdiction over her person. She contends that she is a resident of Memphis and therefore a nonresident of Mississippi, being sued on a cause of action arising from an automobile accident which occurred in Alabama, and process for her being served on the Secretary of State of Mississippi under the Mississippi nonresident motorist statute, Section 9352–61 Mississippi Code Annotated (Supp.1971). Defendant contends that Section 9352–61 is only applicable when the automobile accident in which the nonresident motorist is involved has occurred in the State of Mississippi.

Plaintiff contends that process was served upon the Secretary of State pursuant to section 1437 of the Mississippi Code Annotated (Supp.1971), Mississippi's general "long-arm" statute. She contends that Section 1437 does not require that the tort sued on be committed in the State of Mississippi. Plaintiff contends that by defendant's action in administering an estate in Mississippi that defendant has subjected herself to process under Section 1437.[3]

The question presented therefore is whether an administratrix, residing outside and being a nonresident of the State of Mississippi, has, by her actions in administering an estate in Mississippi, subjected herself to process under Section 1437 of the Mississippi Code Annotated (Supp.1971), on a cause of action arising out of an automobile accident which occurred in Alabama.

Rule 4(e) Fed.R.Civ.P. permits service of process upon a party not an inhabitant of or found within the state in which the district court is held in accordance with a statute or rule of court of the state in which the district court is held.

When construing a state "long-arm" statute a federal court in a diversity case is required under the doctrine of

(a) (1); Welch v. Lewis, 184 F.Supp. 806 (N.D.Miss.1960); First National Bank of Chicago v. Mottola, 302 F.Supp. 785 (N.D.Ill.1969); Deposit Guaranty Bank and Trust Company v. Burton, 380 F.2d 346 (6th Cir. 1967); Bush v. Carpenter Brothers, Inc., 447 F.2d 707 (5th Cir. 1971).

3. Plaintiff also contends that defendant is amenable to process under § 1436 Miss. Code Ann. (Supp.1971) which provides in part as follows:

"Executors, administrators or guardians, appointed in this state and residing out of it, may be sued in the county of their appointment and may be made parties to such suit so as to authorize judgment against them by publication of summons made as provided for in the case of absent and nonresident defendants."

Plaintiff, however, apparently did not publish the summons as the section provides.

Erie R. Co. v. Tompkins[4] to give the statute the same construction as would the highest court of that state. More expressly, this court must apply state law because the service on this defendant can be effected only by the law of Mississippi.[5]

It is, of course, much preferable for the federal court to apply state law as precisely articulated by a state court of highest jurisdiction. However, if no state court decisions precisely in point are available to guide the federal court, the court is compelled to decide to the best of its ability what the state court would hold if the case were before it.[6] Since this precise question has not come before the Mississippi Supreme Court for determination, this court must construe the Mississippi "long-arm" statute as the court believes that court would construe it under the facts in this case.

The pertinent part of Section 1437 is as follows:

(a) Any nonresident person . . . who shall . . . perform any character of work or service in this State, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the Secretary of State of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts. . . ."[7]

Plaintiff contends that defendant in administering the estate of Elsie Pearson under the directions and supervision of the Chancery Court of Pontotoc County, Mississippi is performing a "work or service in this state" which brings her within the coverage of Section 1473; and that, as the personal representative of the estate, it is the duty of defendant to defend the plaintiff's claim against the estate, thus, making the action sub judice "an action or proceeding" incidental to the work or service performed by defendant in administering the estate in Mississippi. Thus, plaintiff contends defendant comes within the reach of the statute.

In the landmark case of International Shoe Company v. Washington[8] dealing with long-arm jurisdiction, the United States Supreme Court stated that to comply with due process there must be certain "minimum contracts" with the forum state, so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." In the later case of Hanson v. Denckla[9] the Supreme Court recognized that the application of the rule that there must be some contact with the forum state will vary with the quality and nature of defendant's activity, and formulated the test as follows: "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[10]

Each case which raises an in personam or territorial jurisdictional question must be decided upon its own peculiar

---

4. 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

5. Walker v. Savell, 335 F.2d 536 (5th Cir. 1964).

6. Dawkins v. White Products Corp., 443 F.2d 589 (5th Cir. 1971).

7. § 1437 was amended in 1964 to include the wording:
"who shall make a contract with a resident of this State to be performed in whole or in part by any party in this State, or who shall commit a tort in whole or in part in this State against a resident of this State".

8. 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

9. 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

10. 357 U.S. at 253, 78 S.Ct. at 1240.

facts.[11] Most of the Mississippi decisions construing Section 1437 deal with foreign corporations doing business in Mississippi.[12] However, it is now settled that there is little reason to distinguish between nonresident individuals and corporations as far as acquiring jurisdiction over them is concerned. Mississippi recognizes no such distinction and has adopted one jurisdictional test applicable to both nonresident individuals and corporations.[13]

If jurisdiction is to be entertained, the Mississippi Supreme Court, in Mladinich v. Kohn,[14] summarizes three "basic factors" which must coincide, as follows:

"(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;

(2) the cause of action must arise from, or be connected with, such act or transaction, and

(3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience or the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation." [15]

These three factors are restated in the cases of Breckenridge v. Time, Inc., 253 Miss. 835, 179 So.2d 781 (1965) and Collins v. Truck Equipment Sales, Inc., 231 So.2d 187 (Miss.1970).

In addition, the Mississippi Supreme Court has held on numerous occasions that the individual's conduct within its borders must consist of activity which is systematic and continuous, as opposed to isolated and sporatic.[16]

The expanded interpretation recently accorded Section 1437 by the Mississippi Supreme Court in Smith v. Temco, Inc., 252 So.2d 212 (Miss.1971) and by the Fifth Circuit in Dawkins v. White Products Corp., 443 F.2d 589 (5th Cir. 1971), has greatly broadened the scope of in personam jurisdiction over nonresident manufacturers in tort cases.

In *Dawkins* the court held a manufacturer amenable to process where an electric hot-water heater, which exploded while *being used* in Mississippi, was manufactured in Michigan and Ohio and placed in the stream of interstate commerce ultimately to be sold to the plaintiffs by a retailer in Mississippi.

In *Temco* the court held: "Under the amended statute, a nonresident manufacturer of a dangerously defective or unsafe product who places it in interstate commerce for the purpose of distribution and ultimate sale to *consumers* in other States, whether with a specific intent that it be distributed, sold and used in this State or not, may be subjected to a personam action for damages in the *courts of this State by such consumer* who may be injured in this State as a result of its defective or unsafe condition." [17] See also, Bush v. Carpen-

---

11. Republic-Transcon Industries, Inc. v. Templeton, 235 Miss. 132, 175 So.2d 185 (1965); Jarrard Motors, Inc. v. Jackson Auto & Supply Co., 237 Miss. 660, 115 So.2d 309 (1959).

12. *See* C. H. Leavell & Company v. Doster, 211 So.2d 813 (Miss.1968); Breckenridge v. Time, Inc., 253 Miss. 835, 179 So.2d 781 (1965); Republic-Transcon Industries, Inc. v. Templeton, 253 Miss. 132, 175 So.2d 185 (1965); Hazell Machine Company v. Shahan, 249 Miss. 301, 161 So.2d 618 (1964); Jarrard Motors, Inc. v. Jackson Auto & Supply Co., 237 Miss. 660, 115 So.2d 309 (1959).

13. Smith v. Barker, D.C., 306 F.Supp. 1173 (1968); Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964); Condon v. Snipes, 205 Miss. 306, 38 So.2d 752 (1949).

14. 250 Miss. 138, 164 So.2d 785 (1964).

15. 164 So.2d at 790.

16. Century Brick Corp. v. Carroll, 247 Miss. 514, 153 So.2d 683 (1963); E. B. Kaiser Company v. H. M. Ludlow Co., 243 So.2d 62 (Miss.1970); Snipes v. Commercial & Industrial Bank, 225 Miss. 345, 82 So.2d 895, 83 So.2d 179 (1955).

17. 252 So.2d at 216.

ter Brothers Inc., 447 F.2d 707 (5th Cir. 1971).

In Century Brick Corporation of America v. Carroll, 247 Miss. 514, 153 So.2d 683 (1963), the Mississippi Supreme Court, through Judge Ethridge, stated: "We consider the quality and nature of the activities in relation to the fair and orderly administration of the law. Essentially the test is one of reasonableness in view of the nature and kind of defendant's local activities." [18]

In this instance defendant purposefully performed an act in the State of Mississippi, that act being the administratrix of the estate of Elsie Pearson. In undertaking to administer the estate defendant has performed work and rendered service in Mississippi. The cause of action herein is directly related to the act of administering the estate. The language used in Section 1437 permitting process to be served upon the Secretary of State in "any actions or proceedings accrued or accruing from such act or acts . . . or as an incident thereto, by any such nonresident . . ." must be construed along with one of the factors set forth in *Mladinich*, that being, "[T]he cause of action must arise from, or be connected with, such act or transaction". Although the accident happened in Alabama, the court feels that the action of defendant in administering an estate in Mississippi is an act in itself which authorizes the service of process on her pursuant to the provisions of Section 1437.

Certainly the maintenance of this action does not offend "traditional notions of fair play and substantial justice." Defendant's acts in administering the estate have been continuous and systematic, as contrasted with an isolated act or acts.

The policy of the State of Mississippi is to authorize suit in the courts of the state against nonresident fiduciaries who are acting pursuant to appointments of Mississippi courts. Section 1436, Mississippi Code Annotated (Supp.1971), supra.

Considering the totality of the circumstances in the action sub judice, the court is of the opinion and so finds that the motion to dismiss is not well taken and should be overruled.

An appropriate order is being entered by the court.