**George HOLVITZ and Mrs. George Holvitz, Plaintiffs,**

v.

**NORFLEET–ASHLEY, INC., a Tennessee corporation, et al., Defendants.**

**No. DC 73–40–S.**

United States District Court,
N. D. Mississippi,
Delta Division.

Dec. 14, 1973.

— Page 395 —

Charles C. Finch, D. Briggs Smith, Jr., M. Collins Bailey, Batesville, Miss., for plaintiffs.

Peggy A. Jones, Farese, Farese, Jones & Farese, Ashland, Miss., George M. Fleming, Clarksdale, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on numerous motions filed by the parties. The motions have been briefed and the court is now in a position to dispose of all issues presented thereby.

The defendant, Diamond Steel Construction Company, a Tennessee corporation (Diamond Steel), has moved the court to dismiss the action for lack of personal jurisdiction, pursuant to Rule 12(b)(2), F.R.Civ.P.

The other defendants, Norfleet-Ashley, Inc., a Tennessee corporation (Norfleet-Ashley) and Structural Steel, Inc., a Tennessee corporation (Structural Steel), have moved the court to dismiss the action because of the pendency of an identical action against the three defendants in the action sub judice, and others, in the United States District Court for the Western District of Tennessee, Western Division (Tennessee Court). In the alternative, defendants have moved the court to transfer the action to the Tennessee court.

The plaintiffs, George Holvitz (Holvitz) and his wife, are citizens of the State of Mississippi and reside within the area which comprises the United States District Court for the Northern District of Mississippi.

Holvitz, on August 31, 1972, was employed in Memphis, Tennessee, within the jurisdiction of the Tennessee court. On that date Holvitz fell from a canopy of a building upon which he was standing while performing work as a painter in and about the construction of a building and was thereby injured.

Holvitz sued the defendants in the action sub judice to recover damages for the injuries which he allegedly sustained as a result of the fall aforesaid. Mrs. Holvitz joined her husband in the action seeking to recover damages for loss of consortium.

All defendants are nonresidents of Mississippi, and citizens of states other than Mississippi. Upon the filing of the complaint, a summons was in due course issued by the clerk for each defendant and placed in the hands of the United States Marshal for the Northern District of Mississippi for service. The Marshal forwarded the summons to the

United States Marshal in the State of Tennessee, who served the same on the defendants.

The process on Diamond Steel was served in Knoxville, Tennessee on the CT Corporation, as the process agent in Tennessee of Diamond Steel. The court has sustained [1] the prior motion to quash service of process and dismiss filed by Diamond Steel. The court, in sustaining the motion and dismissing Diamond Steel from the action, held that the process issued by the clerk of this court could not, under the circumstances reflected by the record in the action, be served in Tennessee by a United States Marshal, or any other person. Rule 4(f) F.R.Civ.P.

The plaintiffs, on August 30, 1973, filed a protective action in the Tennessee court. The named defendants in the action sub judice are defendants in the Tennessee action, as are other defendants who have been charged with responsibility in connection with the injuries said to have been suffered by Holvitz. Plaintiffs state in briefs filed with the court that Tennessee has a one year statute of limitations which is applicable to their claims. The action was filed one day before the expiration of the one year period. Plaintiffs assert they can legally maintain the action sub judice and should be permitted to prosecute their claims in a forum of their choice. However, appreciating the hazard of a dismissal of the action sub judice, plaintiffs seek to protect their right of action by the Tennessee suit.

Subsequent to the order of dismissal entered on August 28, 1973, plaintiffs caused process to be served on Diamond Steel by two methods.

■ Plaintiffs contend that Diamond Steel has been and is now doing business in Mississippi without having qualified as a foreign corporation to do so. For this reason plaintiffs contend that Diamond Steel is subject to process under Mississippi's long arm statute.[2] The

law is clear that process served pursuant to Section 13–3–57 is not valid or effective to subject the nonresident defendant to in personam jurisdiction unless the cause of action arises from, or is connected with, the purposeful consummation of some transaction or performance of some act within the state by such nonresident defendant. Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964); Republic-Transcon Industries, Inc. v. Templeton, 253 Miss. 132, 175 So.2d 185 (1965); Breckenridge v. Time, Inc., 253 Miss. 835, 179 So.2d 781 (1975); Smith v. Barker, 306 F.Supp. 1173 (N.D.Miss.1968).

Plaintiffs cite Century Brick Corporation of America v. Carroll, 247 Miss. 514, 153 So.2d 683, 687 (1963), to sustain the validity of the service of process on Diamond Steel. In *Carroll* the trial court overruled the nonresident's motion to dismiss and the action was affirmed on appeal. In disposing of the case the Mississippi Supreme Court, in discussing Jarrard Motors, Inc. v. Jackson Auto & Supply Co., 237 Miss. 660, 115 So.2d 309 (1959), remarked: "Jarrard held that whether a corporation is doing business in this state is a question dependent primarily on the facts of each particular case; and a less strict interpretation has been applied where the suit pertains to matters arising out of the transactions within the state". Counsel contends that, by implication at least, the Mississippi Supreme Court recognized that a nonresident might be sued under the statute in matters arising from out-of-state transactions. However, a careful reading of the opinion indicates that the ruling of the trial court was affirmed by the Supreme Court because the nonresidents alleged liability or obligation arose out of local activities of such nonresident defendant. *Carroll*, 153 So.2d at 688.

■ The court is of the opinion and so holds that the attempted service of process upon Diamond Steel under Section 13–3–57 is ineffective and does not

---

1. Order of dismissal entered August 28, 1973.

2. Miss. Code Ann. § 13–3–57 (1972).

confer upon the court in personam jurisdiction of said defendant. Diamond Steel is not, therefore, before the court by reason of such attempted service of process.

■ Plaintiffs also arranged to have Diamond Steel served with process through an alleged agent in Panola County, Mississippi, where plaintiffs contend that Diamond Steel is engaged in the construction of a building.

The Deputy Marshal carried the summons to the project and served it upon one Ronnie Lee Wilson, who was pointed out to him as the person in charge of the construction. Service was attempted pursuant to the provisions of Miss.Code Ann. § 79–1–29 (1972).[3] The Marshal's return characterizes Wilson as a "field superintendent" of defendant, Diamond Steel.

The record reflects that Diamond Steel is now doing business in Mississippi, in that it is constructing a building in Panola County, Mississippi. Ronnie Lee Wilson is shown to have been the employee of Diamond Steel in charge of the construction at the time of the service of the process. The record does not reflect whether Diamond Steel qualified to do business as a foreign corporation in Mississippi before undertaking the construction above mentioned.

The Mississippi Supreme Court has held that a foreign corporation doing business in Mississippi may be sued wherever it can be found. Arnett v. Smith, 165 Miss. 53, 145 So. 638, 641 (1933); Knower v. Baldwin, 195 Miss. 166, 15 So.2d 47 (1943); Lee v. Memphis Pub. Co., 195 Miss. 264, 14 So.2d 351 (1943).

Assuming arguendo that Diamond Steel, at the time of the service of process on its employee, Wilson, was engaged in the construction of a building in Panola County, the court is of the opinion and so finds that Diamond Steel was properly and legally served with process under Section 79–1–29, Miss.Code Ann. (1972).

In summary, the court holds that Diamond Steel's motion to dismiss for lack of personal jurisdiction is not well taken and should be overruled.

This brings the court to the motion of all defendants to transfer this action to the Tennessee court, pursuant to 28 U.S.C.A. § 1404(a), which provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought".

The record reflects that the complaint filed in the Tennessee court makes the Diamond Steel Construction Company of Youngstown, Ohio, an Ohio corporation, and the parent company of Diamond Steel, a party defendant. The answer of defendant Structural Steel filed in the action sub judice has attached to it, as an exhibit, a copy of a contract which Structural Steel made with the Ohio corporation for the performance of certain work on the building at which Holvitz received his injury.

■ The complaint herein has not been amended to make the Ohio corporation a party defendant, but nevertheless,

---

3.  Miss.Code Ann. § 79–1–27 provides:

Any corporation claiming existence under the laws of any other state or of any other country foreign to the United States, found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are, whether the cause of action accrued in this state or not.

Miss.Code Ann. § 79–1–29 provides in material part:

Process may be served upon any agent of such foreign corporation found within the county where the suit is brought, no matter what character of agent such person may be; and in the absence of an agent, it shall be sufficient to serve the process upon any person, if found within the county where the suit is brought, who represented the corporation at the time of the transaction out of which the suit arises took place, or if the agency through which the transaction was had be itself a corporation, then upon any agent of the corporation upon whom process might have been served if it were the defendant.

plaintiffs caused a summons to issue for said corporation, and the Deputy Marshal served the summons on the aforesaid Ronnie Wilson, as field representative for the Ohio corporation. Counsel for plaintiffs has advised the court, in a letter dated September 23, 1973, that plaintiffs do not contest the motion of the Ohio corporation to quash the service of process upon it in this action. The court mentions this fact for the reason that, as the record in the action sub judice now stands, the Ohio corporation may well be an indispensable party to the action, without whose presence the court could not proceed. If this is the case a dismissal of action is appropriate under Rule 19(b) F.R.Civ.P., because the Ohio corporation cannot be joined in this jurisdiction.

Since the defendants to the Tennessee action are either residents of Tennessee, or are qualified to do business in Tennessee, the various problems besetting this court with reference to in personam jurisdiction of those charged with liability for plaintiffs' claims will become moot should the court sustain the motion to transfer the action to the Tennessee court.

Section 1404(a) of Title 28 U.S.C.A. provides that for convenience of the parties and witnesses, and in the interest of justice, this court may transfer the action to the Tennessee court, as the same could have been brought there in the first instance.

■ This is an action which the court feels should be transferred. The incident giving rise to the suit occurred in Tennessee. All interested parties, with the exception of plaintiffs, are citizens of Tennessee, or are corporations authorized to do business there. It is apparent to the court that the witnesses, for the most part, will be residents of Tennessee. If this court retains the case, it may be the subject of dismissal because of the absence of an indispensable party. The same issues are involved here as are involved in the case now pending in the Tennessee court. On the

transfer of this action the actions can be consolidated for all purposes.

■ The determination of the question of transfer is largely within the discretion of the court. The principle is aptly stated in Moore's Manual, § 7.-12(4), at 412, which provides: "[where] the district court has an alternative forum to which a transfer can appropriately be effected under § 1404(a), the exercise of this power is committed to the discretion of the trial judge to be exercised in the light of all circumstances of the particular case."

The relevant factors tend to remain those stated by Mr. Justice Jackson in his pre-Section 1404 opinion on *forum non conveniens*, Gulf Oil Corporation v. Gilbert, (1947) 330 U.S. 501, 508, 67 S. Ct. 839, 91 L.Ed. 1055. Mr. Justice Jackson stated:

An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial.

Practically all the factors stressed by Mr. Justice Jackson are present here: the relative ease of access to sources of proof; the costs of obtaining attendance of willing witnesses; the possibility of view of the premises; the questions as to the enforcibility of a judgment if one is obtained. Additionally, we have the important question of the absence of an indispensable party in the action sub judice. No such question is presented in the Tennessee court for the Ohio corporation is already a party there.

The court has weighed the relative advantages and obstacles of a fair trial in this court, and finds that in the interest of justice and for the convenience of the parties and witnesses, the motion to transfer should be sustained.

The court will enter the proper order transferring the action sub judice to the United States District Court for the Western District of Tennessee, Western Division, sitting at Memphis, Tennessee.