**Frances H. RILEY, Individually, and as Administratrix of the Estate of Robert Harold Riley, Deceased, Plaintiff,**

v.

**COMMUNICATIONS CONSULTANTS, INC., et al., Defendants.**

**No. WC 74–27–S.**

United States District Court,
N. D. Mississippi, W. D.

Dec. 3, 1974.

---

[redacted] 

[redacted]

[redacted]

Alan J. Konigsberg, New York City, William G. Kemp, Holly Springs, Miss., for plaintiff Frances H. Riley.

Lowell E. Grisham, Oxford, Miss., W. Carlton Barnes, Memphis, Tenn., for defendants Communications Consultants, Inc., and Stephen Lunsford.

Thomas E. Douglas, Jr., Memphis, Tenn., James E. Price, Corinth, Miss.. for defendant Lazy C Ranch, Inc.

MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Prior to his death on March 29, 1972, John D. Lunsford (Lunsford) was a resident citizen of Memphis, Shelby County, Tennessee. He was the sole stockholder of and controlled two Tennessee corporations, Communications Consultants, Inc. (CCI) and Lazy C Ranch, Inc. (Lazy C).

CCI was engaged in the business of performing telephone cost analyses and maintained an office in Memphis where Lunsford and a small staff, usually only one employee, performed the work of the corporation. Lazy C qualified to do business in Mississippi. During the period of time pertinent to this litigation, Lazy C was engaged in Mississippi in the operation of a dairy farm and cattle ranch.

Robert Harold Riley, plaintiff's decedent, prior to his death March 29, 1972, was a Mississippi dairy and cattle farmer, residing near Lunsford's Lazy C operation in DeSoto County, Mississippi They were friends and acquaintances.

On March 29, 1972, Lunsford and Riley boarded an aircraft owned by CCI in Memphis and initiated a journey to Vandalia, Illinois, where Lunsford was to attend a cattle auction. Lunsford piloted the aircraft, and Riley was the only other person in the plane. The aircraft crashed at or near the Vandalia airport.

Lunsford and Riley were killed in the crash.

The Last Will and Testament of Lunsford was duly admitted to probate in Shelby County, Tennessee, and his brother Stephen Lunsford was appointed as the executor of the estate.

Frances H. Riley, the plaintiff, was appointed as the administratrix of the estate of Robert Harold Riley by the Chancery Court of the county in Mississippi where her husband had his place of residence.

The plaintiff, individually and as administratrix of the estate of her said husband, filed the complaint herein on January 16, 1974. She sued the executor of Lunsford's estate, CCI, and Lazy C seeking to recover damages for the alleged wrongful death of her husband. Plaintiff also filed a protective action against the same defendants in the United States District Court, Eastern District of Illinois.

Plaintiff utilized the Mississippi Long-Arm Statute, Section 13–3–57, Mississippi Code of 1972, to obtain service of process in the action *sub judice* upon CCI and Lunsford's executor, Stephen L. Lunsford, a nonresident of Mississippi and a citizen of Shelby County, Tennessee. Lazy C has qualified to do business in Mississippi and personal service of process was had on its duly authorized agent in Mississippi.

Defendants CCI and Lunsford's executor question, by way of motion, the validity of the service of process. There is no question, however, with regard to the validity of the service of process upon defendant Lazy C.

The issues have been submitted to the court after oral argument on the pleadings, affidavits, depositions, admissions, and memoranda of authorities.

When a defendant is not an inhabitant of or found within the state, such defendant may be served with process in cases brought in the federal courts sitting within the state in the same manner and under the same circumstances as provided by state law for service in the state courts. Rule 4(d)(7) and Rule 4(e), Federal Rules of Civil Procedure.

The long-arm statute of Mississippi, pursuant to which process was obtained over CCI and Lunsford's executor in the action *sub judice*, Section 13–3–57 provides for three distinct categories of nonresident defendants who may be served with process in a manner so as to subject them to the *in personam* jurisdiction of the courts of the state.

The statute provides for the appointment of the Secretary of State as process agent in the state for such nonresident defendants as may come within its scope. The pertinent part of the statute is as follows:

Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, *who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi.* Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident or his, their, or its agent, servant or employee. Miss.Code Ann. § 13–3–57 (1972) [emphasis supplied].

Plaintiff does not contend that either CCI or Lunsford's executor made a contract with her or her deceased husband to be performed in whole or in part in Mississippi. Neither does she contend

that either defendant committed a tort in whole or in part in Mississippi against her or her said husband. It is not, therefore, necessary for the court to discuss these categories.

Plaintiff contends, however, that CCI and Lunsford's executor performed work, rendered services, and/or engaged in business in Mississippi in such manner as to subject each of them to the *in personam* jurisdiction of the court through service of process as provided by the statute. This contention requires an examination of the pertinent facts.

As hereinbefore stated, CCI is a Tennessee corporation. During his lifetime, Lunsford owned all of its capital stock and controlled its operations. The corporation is engaged in the business of analyzing telephone systems. The work of the corporation consisted of the verification of the accuracy of telephone charges placed against its customers and making corrections of any incorrect charge. The corporation also made a study of the customers' telephone service with the view of recommending such changes, if any, as might appear beneficial. The corporation had only one office, situated in Memphis, Tennessee. The personnel consisted of Lunsford, who was in charge of the business, and one or possibly two assistants. The customers served by CCI were, for the most part, members of the trucking industry. The service rendered was nation-wide. Initially, solicitations were made by use of the mail facilities. The work was performed wholly in the Memphis office. CCI did not send a representative to the office or place of business of the customer to perform the study or analyses.

After a time, when the business expanded and prospered, on occasions Lunsford would call upon clients and prospective clients in other cities and states and solicit business for his corporation.

The record reflects that CCI had one or two clients who, though nonresidents of Mississippi, maintained an office or place of business within the state. On occasions such clients arranged with CCI to analyze the operation of its Mississippi branch. This analysis was not, however, performed in Mississippi but at the office of CCI in Memphis.

Before his death, Lunsford kept a weekly record or expense book to record travel expenses incurred by him. These expenses were paid by CCI on presentation of the expense record. On isolated occasions an expense item would be shown on the record as having been incurred in Mississippi. The evidence is not sufficient to convince the court that the items of expense shown in Lunsford's expense book to have been incurred in Mississippi were incurred in or about the business of CCI.

The record also reflects that from time to time CCI made advances by way of loans to Lazy C which were used by Lazy C in its Mississippi operation. Such activity does not, however, in the court's opinion, constitute doing business in Mississippi on the part of CCI.

The issue to be decided by the court is *Erie* bound.[1] A leading Mississippi case which discusses the contact which a nonresident must have with the forum state in order to meet the constitutional limitations placed on state power to subject nonresidents to the *in personam* jurisdiction of its courts through a long-arm statute, such as the one involved in the action *sub judice,* is Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (Miss. 1964). The late Chief Justice of the Mississippi Supreme Court, the Honorable William N. Ethridge, Jr., in a clear, concise, and eloquent discussion of the issue said:

> Tyee Construction Company v. Dulien Steel Products Inc. of Washington, 62 Wash.2d 106, 381 P.2d 245, 251 (1963), summarized with clarity the three basic factors which must coincide if jurisdiction is to be entertained. They are in accord with the

1. Erie Railroad Company v. Tompkins (1938) 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

constitutional limitations on state power under International Shoe and subsequent decisions, and, we think, in accord with the decisions of this Court. Those three factors are:

"(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation." [2]

 The activities of CCI in Mississippi reflected in the record were inconsequential and minimal in nature. To subject CCI to the *in personam* jurisdiction of the court in the action *sub judice*, under the facts shown to exist by the record, would be unreasonable and, in the opinion of the court, offend the "traditional conception of fair play and substantial justice" standard established in International Shoe Co. v. State of Washington, 326 U.S. 310, at page 320, 66 S.Ct. 154, at page 160, 90 L.Ed. 95, at page 104 (1945).

The court holds, therefore, that the motion of CCI to dismiss the action as to said defendant for lack of *in personam* jurisdiction, Rule 12(b)(2), Federal Rules of Civil Procedure, is well taken and must be sustained.

This brings the court to the consideration of the *in personam* jurisdiction of the executor of Lunsford's estate.

Stephen L. Lunsford qualified as the executor of his brother's estate in Shelby County, Tennessee, the place of residence of the decedent at the time of his death. The Tennessee procedure constituted an original administration of the estate. The executor was and is charged with the duty of administering the estate by collecting the assets and paying the debts thereof. He is accountable to the Tennessee court for the proper administration of the estate.

Lunsford's executor secured a decree of the Chancery Court of DeSoto County, Mississippi, dated April 20, 1972, admitting Lunsford's Last Will and Testament to probate in that court as a muniment of title. This was accomplished by tendering to the court a properly certified copy of the will and the record of the appointment of the executor. This procedure is authorized by Section 91–7–33, Mississippi Code 1972.

The Mississippi court did not open an administration of the estate nor issue letters testamentary to the executor. The estate is not being administered under the jurisdiction of the Mississippi court. The executor is authorized, however, by virtue of his appointment in Tennessee and the recording in Mississippi of the properly certified copy of the record of his appointment and qualification as executor according to the laws of Tennessee, to receive without suit and give valid acquittance for any property of, or debts due to his testator, Section 91–7–257, Mississippi Code 1972.

During the course of the administration, the executor has advanced funds from the estate to his testator's corporation, Lazy C, to enable it to wind up its affairs. The money has been advanced from estate funds held by the executor in Memphis banks. Acting for and on behalf of Lazy C, the executor has assisted in its liquidation. This duty is imposed upon the executor by virtue of the trust imposed in him to administer the estate since the entire capital stock of Lazy C constitutes an asset of the estate to be administered.

The question of *in personam* jurisdiction through the Mississippi Long-Arm

---

2. 164 So.2d at page 790.

Statute over a nonresident administratrix was the subject of this court's decision in Galloway v. Korcekwa, 339 F. Supp. 801 (N.D.Miss.1972). In *Galloway*, Korcekwa, a resident of Tennessee, was the administratrix of the estate of her deceased daugher, Mrs. Elsie Pearson. Mrs. Pearson at the time of her death was a resident and citizen of Pontotoc County, Mississippi. Mrs. Pearson and her friend, Galloway, a resident and citizen of Calhoun County, Mississippi, suffered fatal injuries in an automobile-truck collision which occurred on an Alabama highway as they were returning to Mississippi from a pleasure trip to Atlanta, Georgia. Mrs. Pearson owned and was driving the automobile in which they were traveling. Galloway's estate was being administered in the Chancery Court of Calhoun County. Mrs. Pearson's estate was being administered in the Chancery Court of Pontotoc County. Galloway's administratrix sued Mrs. Pearson's administratrix in this court seeking the recovery of damages for Galloway's wrongful death. Service of process was obtained in the nonresident administratrix under the Mississippi Long-Arm Statute, *supra*.

In *Galloway* the court held that the policy of the State of Mississippi was to authorize suit in the courts of the state against nonresident fiduciaries who acted pursuant to appointment of Mississippi courts in administering the estate of a decedent who resided in the state at the time of the decedent's death. The court also held that the action of the nonresident administratrix in administering an estate in Mississippi constituted an act in and of itself which authorized the service of process pursuant to the provisions of the Long-Arm Statute.

Plaintiff relies upon *Galloway* to sustain the contention that the nonresident executor in the action *sub judice* is amenable to the process served upon him.

The cases are clearly distinguishable. The nonresident administratrix in *Galloway* assumed the responsibility of rendering a continuous service in Mississippi. The acceptance of the office required that she perform the legal duties required of her by Mississippi law. She was required *inter alia* to give the statutory notice to creditors to file claims against the estate, take possession of the personal estate of the decedent and have it appraised and inventoried, collect debts owing the decedent, pay the legal claims probated and allowed against the estate, distribute the estate to the rightful beneficiaries, and file annual and final accounts with the court.

■ To discharge the many duties imposed upon her by law the administratrix was required to perform a series of continuous acts within the state. The Long-Arm Statute provides that it is applicable to a nonresident who performs any character of service in Mississippi. The statute cannot be construed so as to extend its coverage to a nonresident who performs only an isolated or occasional service in the state. Such a construction would violate the "traditional [concept] of fair play and substantial justice" standard enunciated in *International Shoe, supra*.

Where, however, as in Galloway, the nonresident undertakes to administer the estate in and under the supervision of a Mississippi court and accepts the benefits and protection of the laws of the state, such nonresident has undertaken the exercise of a privilege which, in the court's judgment, requires the nonresident to respond to a suit brought to enforce a claim against the estate which the nonresident is administering.

■ The circumstances surrounding the defendant executor in the action *sub judice* are entirely different from the circumstances surrounding the *Galloway* administratrix. Here, the executor is administering Lunsford's estate in and under the supervision of the Tennessee court—not the Mississippi court. The executor's only contact with Mississippi touching upon court administration of the estate has been the probation of the foreign will and recording of a certified copy of the record of his appointment and qualification in Tennessee. This

procedure was required to serve as a muniment of title, as is authorized by Mississippi law.

The minimal and tenuous contact which Lunsford's executor has had with Mississippi since his appointment is not sufficient to bring him within the coverage of the Long-Arm Statute. To do so would be violative of the court's conception of fair play and substantial justice.

Accordingly, the court will enter an order sustaining the joint motion to dismiss of said defendants.