William S. Lawson, Tupelo, Miss., Bobby D. Robinson, Ramsey, Bodron, Thames & Robinson, Vicksburg, Miss., for plaintiff.

David W. Houston, Houston, Chamberlin, & Houston, Aberdeen, Miss., for defendant.

**Norman EDWARDS, Plaintiff,**

v.

**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, Defendant.**

**No. WC 76–126–S.**

United States District Court, N. D. Mississippi, W. D.

March 22, 1977.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action has been submitted to the court on defendant's motion to transfer the case for trial to the United States District Court for the Western District of Tennessee, Western Division, sitting at Memphis, Tennessee. Both parties have submitted a memorandum of authorities. Oral argument was not requested.

Plaintiff is a citizen of Thayer, Missouri. Defendant is a Missouri corporation and operates its railroad in and through, among others, the States of Mississippi, Tennessee, and Missouri. The action is brought under the Federal Employers' Liability Act (FELA) 45 U.S.C. §§ 51, et seq. The plaintiff seeks by his suit to recover damages for personal injuries in the sum of $236,000.

The Federal Employers' Liability Act, 45 U.S.C. § 56, provides that suits of the nature of the action sub judice can be brought by the injured employee "in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." The venue of the action sub judice is either in Missouri, where defendant is a citizen, or in Tennessee, where the injury was said to have been sustained, or in Mississippi, where the suit has been filed, or in any other state where defendant may operate a railroad.

Congress chose to give the injured railroad employee the right to choose the place where the action might be brought. Plaintiff elected to bring the action in this court. Needless to say venue is properly laid here and the court has jurisdiction of the action.

By way of affidavit, defendant shows that the alleged injury occurred while plaintiff was working for defendant in its Tennessee yards in Memphis, Tennessee; that all witnesses to the incident live in or near Memphis; that plaintiff was hospitalized in a Memphis hospital and treated for his injuries by Memphis physicians; that on other occasions plaintiff was a patient in other Memphis hospitals, where he was treated by Memphis physicians.

On the basis of the facts above-mentioned defendant has moved to transfer the action to Memphis, asserting that a transfer is justified under the provisions of 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses. Subsection 1404(a) provides "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This section, of course, authorizes the transfer of the action should the court determine that a transfer is proper.

The United States District Court of the Western District of Tennessee, sits at Memphis, in the County of Shelby. This county lies immediately North of and adjacent to the Mississippi-Tennessee State line, and borders on a portion of this district. Memphis is within 75 miles of Oxford, where this court sits in its Western Division. All of the potential witnesses are within the 100 mile subpoena range of the court. Fed.R. Civ.P. 45(e).

Defendant's affidavit shows that three of the five witnesses to the accident are Mississippi citizens, residing within this district. The court can take judicial notice of the fact that in practically all actions tried in the Western and Delta Divisions of the Court, where Memphis residents are within the subpoena range of the court, the testimony of professional people such as doctors, surgeons, hospital personnel and the like, residing in the Memphis area, is customarily presented by disposition and hardly ever by live testimony.

This court in *Holvitz v. Norfleet Ashley, Inc.*, 369 F.Supp. 394 (N.D.Miss.1973) granted the transfer of the action from the Delta division of the court to the United States District Court for the Western District of Tennessee, Western Division, at Memphis. In *Holvitz*, the incident giving rise to the action occurred in Tennessee, all interested parties, with the exception of plaintiffs, who were Mississippi citizens, were citizens of Tennessee, or corporations authorized to do business in Tennessee. There was a serious question in the action as to the validity of the service of process upon the non-resident defendants through the Mississippi Long-Arm Statute, Miss.Code Ann. § 13-3-57 (1972) and a protective action had been instituted by plaintiffs in the Tennessee court. In the exercise of its discretion, the court granted the transfer.

The courts have uniformly given much weight to the plaintiff's choice of forum. Especially is this true in FELA actions, where the venue has been expressly fixed and authorized by Congress.

The court has determined that a transfer is not justified in the action sub judice.

An order overruling the motion will be entered by the court.