James H. BLANTON and Charlotte A. Blanton, Plaintiffs,

v.

AMERICAN TOOL AND GRINDING CO. and U. C. Leasing, Inc., Defendants.

No. DC 78–153–S–P.

United States District Court,
N. D. Mississippi,
Delta Division.

April 19, 1979.

Christian T. Goeldner, Taylor, Whitwell & Goeldner, Southaven, Miss., for plaintiffs.

Charles S. Tindall, III, Lake, Tindall, Hunger & Thackston, Greenville, Miss., for American Tool & Grinding Co.

Stanley M. Huggins, Winchester, Marshall, Huggins, Charlton, Leake & Brown, Memphis, Tenn., for U. C. Leasing, Inc.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Defendants Rubin E. Jester (hereafter "Jester") and Tommy DeVazier, d/b/a American Tool and Grinding Company (hereafter "DeVazier"), move the court to dismiss the action sub judice against them for lack of jurisdiction over their persons, pursuant to Rule 12(b)(2), Fed.R.Civ.P. Service of summons on each defendant was made pursuant to Mississippi's long-arm statute, Miss.Code Ann. § 13–3–57 (1972).

Plaintiffs James H. Blanton and Charlotte A. Blanton (hereafter "Blantons") justify the service on allegations that Jester committed a tort in part in Mississippi against a resident of Mississippi and that DeVazier, in addition to committing a tort in part in Mississippi against a Mississippi resident, also made a contract to be performed by a party in Mississippi.

The motion of Jester and DeVazier is supported by the affidavit of Jester which establishes the following facts. The American Tool and Grinding Company, located in Forest City, Arkansas, is a distributor of grinding machines manufactured and sold by defendant American Tool & Grinding Company, a Colorado corporation. DeVazier acting through his sales director Jester, arranged to sell one or more of the machines to the Blantons. The sales were made through the U. C. Leasing, Inc., a Tennessee corporation doing business in Memphis, Tennessee. The contacts leading up to the sales were made in Tennessee, the transactions were closed in Tennessee, and the machines were delivered to plaintiffs at their place of business in Tennessee.

Jester further states that American Tool and Grinding Company, owned by DeVazier

has never consumated any business in Mississippi, nor has he or any other agent of the company done so.

It is not really necessary here to discuss whether DeVazier has sent soliciting agents into Mississippi because plaintiffs rely solely upon that portion of the statute which provides that a non-resident who commits a tort in whole or in part in this state against a resident of this state, or who enters into a contract with a resident of this state to be performed in whole or in part by any party in this state, is subject to the provisions of the statute.

In opposition to the motion to dismiss, plaintiffs submit the affidavit of James H. Blanton. In this affidavit, Mr. Blanton states that one of the machines was actually shipped to his residence in Horn Lake, DeSoto County, Mississippi, where an unsuccessful delivery attempt was made (the record is clear, however, that the machine was delivered to the Blantons at their place of business in Tennessee); that several telephone calls were made by him to Jester from Blanton's home in Horn Lake and that he also received several telephone calls from Jester at his home in Horn Lake.

Blanton's affidavit also contains information which is of no useful purpose for the court's consideration on the merits of the motion. Mr. Blanton states that his assets consist of real property and some personal property located in DeSoto County, Mississippi. The major assets are his home and two bank accounts. He asserts that the economic consequences of the fraudulent acts of defendants showed their effect in the State of Mississippi and not in any other state. The court is of the opinion that these facts have no bearing whatsoever upon the question now before the court.

The Blanton affidavit states that one Carl Scott, an agent of all defendants, has traveled to the Tupelo, Jackson and Vicksburg, Mississippi, areas for the purpose of selling grinding machines. The time of such travel and its relationship to the Blanton sales are not shown. The affidavit also states, on information and belief,

that defendants have entered into an agreement for a firm in the Jackson, Mississippi, area to act as soliciting agent for defendants. Assuming arguendo, these facts to be true, such activities would not justify the extension of coverage over the moving defendants under the long-arm statute.

To subject Jester and DeVazier to the *in personam* jurisdiction of the court under the facts shown by the record to exist in the action sub judice would be unreasonable and, in the opinion of the court, offends "the 'traditional conception of fair play and substantial justice' standard established in *International Shoe Co. v. State of Washington*, 326 U.S. 310, at page 320, 66 S.Ct. 154, at page 160, 90 L.Ed. 95, at page 104 (1945)." *Riley v. Communications Consultants, Inc.*, 385 F.Supp. 296, 300 (N.D.Miss. 1974).

The court has concluded that the motion is well taken and should be sustained.

The court will enter the appropriate order.