**Craig A. BRADFORD, Plaintiff and Appellant,**

v.

**Gary M. NAGLE, Michael F. Nagle, LaMar Nagle, Artistic Homes, Inc., and Gramco Company, Defendants and Appellees.**

No. 20374.

Supreme Court of Utah.

Sept. 30, 1988.

Peter C. Collins, Salt Lake City, W. Stephens Cox, Clarksdale, Miss., for plaintiff and appellant.

Scott F. Young, David R. Olsen, Salt Lake City, Clark J. Nemelka, American Fork, for defendants and appellees.

HALL, Chief Justice:

The issue presented by this appeal is whether the district court erred in setting aside a Mississippi default judgment for lack of in personam jurisdiction.

Plaintiff, a Mississippi resident, traveled to Salt Lake City, Utah, to find a place to live while he completed a residency program in dentistry. He contacted defendant LaMar Nagle, who showed him a rental unit reportedly owned by his brother, defendant Gary Nagle. Upon his return to Mississippi, plaintiff contacted LaMar Nagle by telephone and was advised that the unit was no longer available as a rental, but that it was available for purchase. Through a series of additional telephone calls, plaintiff and LaMar Nagle negotiated an agreement whereby plaintiff would purchase the unit for $58,000, with an initial deposit of $1,000. In addition, the seller agreed to repurchase the unit between June and September 1983 for the original purchase price, at the option of plaintiff. The agreement was reduced to writing, executed by "Gary M. Nagle, d/b/a Artistic Homes," and forwarded to plaintiff for execution. Plaintiff executed the agreement and returned it to Utah, along with his check drawn on a Mississippi bank in the amount of $1,000. A subsequent addendum providing for the payment of attorney fees in the event of a breach of the buy-

back agreement was executed by defendant Michael F. Nagle. The unit was conveyed to plaintiff by warranty deed executed by "Gary M. Nagle, partner, Gramco Company."

In June 1983, having been unsuccessful in selling the condominium, plaintiff opted to invoke the buy-back provision of the contract, but was informed by Gary Nagle that he had no knowledge of a buy-back agreement, that he would not honor it, and that any such agreement was binding only upon the seller, Artistic Homes, Inc.

Plaintiff left Utah to return to Mississippi and later filed suit in the Circuit Court of Adams County, Mississippi, alleging breach of contract and a tort claim based upon fraud and misrepresentation theories. After defendants did not appear, a default judgment was entered, and notice thereof was filed in Utah's Third District Court. Subsequently, that court granted defendant's motions to set aside the judgment, and plaintiff appealed.

Plaintiff advances the same arguments here as were presented to the district court. He essentially contends that under the applicable statutes, Mississippi had jurisdiction over defendants and defendants had sufficient minimum contacts with the state of Mississippi to confer jurisdiction by reason of the following claims: (1) the contract negotiations were conducted by mail and telephone between Mississippi and Utah; (2) plaintiff executed the contract in Mississippi; (3) partial payment was mailed from Mississippi; and (4) plaintiff suffered loss while a resident of Mississippi.

Generally, in interpreting and applying state long-arm statutes, the determination of whether the court has in personam jurisdiction over a nonresident involves a two-step process.[1] As one commentator notes:

> The court must first look to the words of the statute to determine whether it provides for the exercise of jurisdiction under the particular facts of the case. The act upon which service is predicated must be one which the statute contemplates as a basis for such service. Then, if the statute authorizes service, the court must determine whether the assertion of jurisdiction meets the requirements of due process.[2]

In utilizing this process, we are not concerned with the merits of any alleged claims but only with the question of jurisdiction.[3] Additionally, we recognize, as have other courts, that in some cases it is appropriate to assume the application and/or avoid construction of a state's particular long-arm statute, the first step of the above-noted process.[4]

In regard to the instant case, Mississippi's long-arm statute [5] confers jurisdiction

**1.** 2 J. Moore, *Moore's Federal Practice* ¶ 4.41–1[4], at 4–335 (2d ed. 1988).

**2.** *Id.* at 4–335 to –336 (footnotes omitted); *see also id.* at 4–335 to –337 nn. 2–7; *id.* at ¶ 4.41–1[4.–2], at 4–350–51; 4 C. Wright & A. Miller, *Federal Practice and Procedure* § 1069, at 347–50 (1987); *Burt Drilling v. Portadrill,* 608 P.2d 244, 246–47 (Utah 1980); *D.J. Investments v. Metzeler Motorcycle Tire Agent Gregg, Inc.,* 754 F.2d 542, 544–45 (5th Cir.1985); *Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1165–66 (5th Cir.1985); *Brown v. Flowers Indus., Inc.,* 688 F.2d 328, 332 (5th Cir.1982), *cert. denied,* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983); *Schwilling v. Horne,* 105 Idaho 294, 297, 669 P.2d 183, 186 (1983); *Schlatter v. Mo–Comm Futures Ltd.,* 233 Kan. 324, 329, 662 P.2d 553, 558 (1983); *First Miss. Nat'l Bank v. S & K Enterprises,* 460 So.2d 839, 841–43 (Miss.1984); *Salas v. Homestake Enters.,* 106 N.M. 344, 345, 742 P.2d 1049, 1050 (1987); *State ex rel. Sweere v. Crookham,* 289 Or. 3, 6, 609 P.2d 361, 362 (1980).

**3.** *See Pellegrini v. Sachs & Sons,* 522 P.2d 704, 705 (Utah 1974); *Roskelley & Co. v. Lerco, Inc.,* 610 P.2d 1307, 1313 (Utah 1980) (Stewart, J., dissenting).

**4.** *See, e.g., D.J. Investments,* 754 F.2d at 546–47; *Brown,* 688 F.2d at 332–33; *see also Thompson,* 755 F.2d at 1167; *supra* note 1, at 4–335 to –336 (where state long-arm statutes extend personal jurisdiction to the limits permitted under the Constitution, the only question is whether the exercise of jurisdiction offends due process). *Compare Batton v. Tennessee Farmers Mut. Ins. Co.,* 153 Ariz. 268, 270, 736 P.2d 2, 4 (1987), *and Synergetics v. Marathon Ranching Co.,* 701 P.2d 1106, 1110 (Utah 1985) (long-arm jurisdiction extended to permissible limits of due process), *with First Miss. Nat'l Bank,* 460 So.2d 839, 842–43 (two-step process utilized).

**5.** Miss.Code Ann. § 13–3–57 (Supp.1987).

when a nonresident (1) makes a contract with a Mississippi resident to be performed in whole or in part in Mississippi, (2) commits a tort in whole or in part in Mississippi, or (3) does any business or performs any character of work or service in Mississippi. Assuming *arguendo* that the statute applies and contemplates defendants' acts as a basis for service under the particular facts of this case, the question is whether this exercise of long-arm jurisdiction satisfies constitutional due process requirements.[6] We conclude that it does not.

■■■ Due process requires that before a court can exercise specific personal jurisdiction over a nonresident defendant, the defendant must have purposefully established minimum contacts with the forum state.[7] Indeed, the defendant's conduct and connection with the forum state must be such that it should reasonably anticipate being haled into court there.[8] Once it has been decided that the defendant purposefully established such contacts, "these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.' "[9] This inquiry involves the interrelationship of the defendant, the forum, and the litigation. Additionally, it must be determined " '[w]hether the cause of action arises out of or has a substantial connection with the activity; and ... [there must be a] balancing of the convenience of the parties and the interests of the State in assuming jurisdiction.' "[10] Also, as the United States Supreme Court reiterated:

> [C]ourts in "appropriate case[s]" may evaluate "the burden on the defendant,"

"the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies."[11]

These principles have been applied in several relevant cases.

Indeed, in *Reed–Joseph Co. v. DeCoster*,[12] a Mississippi company accepted the telephone order of a Maine resident for the manufacture and shipment of certain equipment. In dismissing a suit brought in Mississippi to recover the purchase price, the court noted:

> "It is well settled that the unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state...."
>
> ....
>
> "... The law is clear that process served pursuant to Section 13–3–57 [the Mississippi Long Arm Statute] is not valid or effective to subject the non-resident defendant to in personam jurisdiction unless the cause of action arises from, or is connected with, the purposeful consummation of some transaction or performance of some act within the state by such non-resident defendant."[13]

Similarly, in *Blanton v. American Tool & Grinding Co.*,[14] the plaintiff, a resident of Mississippi, purchased equipment from the defendant, a Colorado corporation.

**6.** *See supra* note 4 and accompanying text.

**7.** *Synergetics,* 701 P.2d at 1110.

**8.** *Id.* (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)).

**9.** *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945)).

**10.** *Synergetics,* 701 P.2d at 1110 (quoting *Mallory Engineering v. Ted R. Brown & Assoc.,* 618

P.2d 1004, 1008 (Utah 1980), *cert. denied,* 449 U.S. 1029, 101 S.Ct. 602, 66 L.Ed.2d 492 (1980)).

**11.** *Burger King,* 471 U.S. at 477, 105 S.Ct. at 2184 (quoting *World–Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564).

**12.** 461 F.Supp. 748 (N.D.Miss.1978).

**13.** *Id.* at 751 (quoting *Barnstone v. Congregation AM Echad,* 574 F.2d 286, 289 (5th Cir.1978); *Holvitz v. Norfleet–Ashley, Inc.,* 369 F.Supp. 394, 396 (N.D.Miss.1973)) (citations omitted).

**14.** 472 F.Supp. 257 (N.D.Miss.1979).

The sales were made through a Tennessee corporation, the contracts of sale were made in Tennessee, and the transaction was completed and the machines were delivered in Tennessee. The plaintiff brought suit in Mississippi alleging damage under tort and breach of contract theories. In granting the defendant's motion to dismiss, the court ruled:

> To subject [the defendants] to the *in personam* jurisdiction of the court under the facts shown by the record to exist in the action sub judice would be unreasonable and, in the opinion of the court, offends "the 'traditional conception of fair play and substantial justice' standard established in *International Shoe* ...."[15]

■ In the instant case, defendants did not solicit the sale of the property. Rather, it was plaintiff who initiated the negotiations by telephone after personally inspecting the property in Utah.[16] The contract of sale was to be performed solely in Utah, and the fact that part payment was received from Mississippi is, in this case, insufficient to fulfill minimum contact requirements.[17] Defendants did not visit Mississippi, nor did they deliberately engage in "significant activities" or purposefully create "substantial connections," continuing relationships, and obligations with Mississippi residents to give defendants a

fair and reasonable warning that their activity would subject them to Mississippi's jurisdiction.[18] Indeed, the only contact defendants had with the state of Mississippi was limited to the facts surrounding a contract entered into with one of its residents. And under the facts of this case, that contact was not sufficient to satisfy the minimum contacts criteria required to confer in personam jurisdiction.[19] Additionally, it appears that except for plaintiff, all of the parties and potential witnesses to the contract and acts that allegedly occurred reside in Utah. Forcing plaintiff to litigate in Utah would not disadvantage his " 'interest in obtaining convenient and effective relief.' "[20]

■ Therefore, applying the above principles to the case at hand, we conclude that defendants' contacts with Mississippi were insufficient under the due process clause to support that state's exercise of personal jurisdiction. Accordingly, the recital in the default judgment that the Mississippi court had jurisdiction over defendants is not binding,[21] and because the judgment was entered without valid in personam jurisdiction, it is null and void.[22]

A foreign judgment filed in this jurisdiction is treated in all respects like a judgment of the district court of Utah and is therefore subject to being vacated and set

---

**15.** *Id.* at 259 (citations omitted; emphasis in original); *see also, e.g., Haire v. Miller,* 447 F.Supp. 57, 59 (N.D.Miss.1977) (defendant has insufficient contact with state to subject it to long-arm statute); *Riley v. Communications Consultants,* 385 F.Supp. 296 (N.D.Miss.1974) (inconsequential acts in Mississippi do not subject defendant to Mississippi long-arm statute).

**16.** *Cf. Madison Consulting Group v. State,* 752 F.2d 1193, 1202–04 (7th Cir.1985) ("The question of which party initiated or solicited a business transaction has long been considered pertinent to the constitutional propriety of personal jurisdiction in a suit arising out of the transaction.").

**17.** *See Peterson v. Kennedy,* 771 F.2d 1244, 1262 (9th Cir.1985), *cert. denied,* 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 1187 (1986); *Afram Export Corp. v. Metallurgiki Halyps, S.A.,* 772 F.2d 1358, 1362 (7th Cir.1985); *Lakeside Bridge & Steel Co. v. Mountain States Construction Co.,* 597 F.2d 596 (7th Cir.1979), *cert. denied,* 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980).

**18.** *Burger King,* 471 U.S. at 472–76, 105 S.Ct. at 2181–84 (citations omitted); *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 108, 113–114, 107 S.Ct. 1026, 1031, 1033–34, 94 L.Ed.2d 92 (1987).

**19.** *Supra* notes 17–18.

**20.** *See Brown,* 688 F.2d at 334 (quoting *World–Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564).

**21.** *Van Kleeck Creamery, Inc. v. Western Frozen Prod. Co.,* 24 Utah 2d 63, 66, 465 P.2d 544, 546 (1970).

**22.** *See Garcia v. Garcia,* 712 P.2d 288, 290–91 (Utah 1986) (per curiam); *see also Lee v. Western Processing Co.,* 35 Wash.App. 466, 667 P.2d 638, 640 (1983) ("A judgment entered without jurisdiction over the parties is void.").

aside in a like manner.[23] It was therefore appropriate for the district court to vacate and set aside the Mississippi judgment.

■ Defendants seek an award of attorney fees, and rule 33(a) of the Rules of the Utah Supreme Court provides that if an appeal is taken either frivolously or for delay, the Court shall award reasonable attorney fees to the prevailing party. Although we conclude that the appeal is without merit, we are not of the view that it was either frivolous or brought for the purpose of delay. We therefore decline to award attorney fees.

Affirmed. Costs to defendants.

HOWE, Associate C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

23. Utah Code Ann. § 78–22a–2 (1987).