**M.P. PAUL, Plaintiff,**

**v.**

**INTERNATIONAL PRECIOUS METALS CORPORATION, Defendant.**

**Civ. A. No. J84–0877(B).**

United States District Court, S.D. Mississippi, Jackson Division.

July 3, 1985.

Larry D. Moffett, Debra M. Robbins, Jackson, Miss., for plaintiff.

Neil P. Olack, Watkins, Ludlam & Stennis, Jackson, Miss., Craig Edward Stein, Arky, Freed, Stearns, Watson, Greer & Weaver, Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This matter is before the Court on the Motion to Dismiss for lack of in personam jurisdiction and for insufficiency of service of process pursuant to F.R.Civ.P. 12(b)(2) and 12(b)(4), respectively, to dismiss or transfer venue for improper venue pursuant to 28 U.S.C. § 1406(a), to transfer venue pursuant to 28 U.S.C. § 1404(a), and to dismiss counts V and VI for failure to state a claim upon which relief can be granted pursuant to F.R.Civ.P. (12)(b)(6).

The Defendant, International Precious Metals Corporation (IPMC) is a Michigan corporation with its sole place of business in Fort Lauderdale, Florida. The Defendant is engaged in the business of offering to enter into and entering into transactions for the delivery of commodities under standardized "leverage contracts." In May 1983, the Defendant placed an advertisement in the *Wall Street Journal* which was circulated and read by the Plaintiff in the State of Mississippi. The advertisement gave a national toll-free number and urged prospective customers to contact the Defendant for the purpose of entering into leveraged contracts for the purchase of precious metals. On or about May 11, 1983, the Plaintiff made a telephone call from his residence in Jackson, Mississippi, to the Defendant's place of business in Fort Lauderdale, Florida. As a result of this conversation and various alleged misrepresentations made by the Defendant's agents, the Plaintiff agreed to purchase 2,000 ounces of silver on that date. The Plaintiff mailed the Defendant a check in the amount of $6,368.97, drawn on the Plaintiff's Jackson, Mississippi bank on May 18, 1983. As a result of falling prices in the silver market, the Plaintiff was requested to meet a "margin call" of $2,600.00 shortly thereafter. The Plaintiff sent a check in the amount of $2,535.52 to IPMC on or about June 2, 1983, drawn on the Plaintiff's bank account in Jackson, Mississippi to meet this "margin call." Shortly thereafter the Plaintiff allegedly told the Defendant's agents that he wished to liquidate his position at a break-even point at the earliest opportunity. IPMC informed the Plaintiff that he would have to fill out a standard customer account agreement and summary risk disclosure statement in order to close out his account and sent the agreement to the Plaintiff. The Plaintiff signed and returned the Customer Account Agreement on June 14, 1983. In the fall and winter of 1983–84, the Plaintiff was required to meet several margin calls by checks drawn on his account maintained in Jackson, Mississippi. The Plaintiff's account was finally liqui-

dated by IPMC on or about January 9, 1984.

The Plaintiff filed a six-count complaint in the Circuit Court for the First Judicial District of Hinds County, Mississippi, alleging fraud, negligent misrepresentation, breach of fiduciary duties and violations of the federal commodities laws. Service of process was effected upon the Defendant pursuant to Mississippi's "long arm statute," *Miss. Code Ann.* § 13-3-57 (Supp. 1984). The Defendant removed this action to this Court in a timely manner.

The Defendant's Motions will be discussed separately hereinafter.

## 1. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENCY OF SERVICE OF PROCESS

IPMC contends that it is not doing business in the State of Mississippi and that it has not committed a tort or entered into a contract to be performed in whole or in part in Mississippi so as to fall within the reach of Mississippi's long arm statute. IPMC attaches the affidavit of Harvey Kochen, its assistant Vice-President/Director of Compliance, in support of its Motion. The Kochen affidavit avers that IPMC has never employed sales agents or representatives in the State of Mississippi, has no bank accounts or tangible assets located in the State of Mississippi, and that all business transactions conducted on behalf of IPMC's customers are transacted through IPMC's sole office in Fort Lauderdale, Florida.

█ The Plaintiff correctly notes that physical presence in the state is not a prerequisite to the assertion of jurisdiction over the Defendant. The Plaintiff alleges that his economic loss in the State of Mississippi causes the tort to have occurred in Mississippi and urges this Court to hold that the *Wall Street Journal* advertisement in the State of Mississippi, the telephone calls to and from Mississippi and the fact that the Plaintiff's checks were drawn on his Mississippi account suffice for the exercise of in personam jurisdiction over the Florida Defendant. The Plaintiff's arguments and authorities are not persuasive.

In *Collins v. Truck Equipment Sales, Inc.*, 231 So.2d 187 (Miss.1970) a non-resident corporation's sending representatives into a state to solicit sales did not support jurisdiction under Mississippi's long-arm statute. Where there is no personal in-state solicitation at all, as in the instant case, the rationale for assertion of in personam jurisdiction is even less. Likewise, telephone calls to and from the plaintiff's forum state have been held insufficient to extend long-arm jurisdiction over non-resident defendants. *See, e.g., Reed-Joseph Co. v. DeCoster*, 461 F.Supp. 748, 750 (N.D. Miss.1978); *R. Clinton Construction Co. v. Bryant & Reaves, Inc.*, 442 F.Supp. 838 (N.D.Miss.1977). Plaintiff's reliance upon *Brown v. Flowers Indus., Inc.*, 688 F.2d 328 (5th Cir.1982) for the proposition that a single telephone call made by a non-resident defendant may be sufficient for the exercise of long-arm jurisdiction under § 13-3-57 (Supp.1984), is misplaced. *Brown* dealt with a *defamatory* telephone call. The torts of libel and defamation are unique torts which courts have consistently held to have occurred simultaneously in the locales of transmission and receipt. *See, e.g., Keeton v. Hustler Magazine*, 466 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984).[1] With regard to the Plaintiff's contention that checks drawn on his Mississippi bank account suffice to create in personam jurisdiction, the United States Supreme Court has recently held:

> Common sense and every day experience suggest that, absent unusual circumstances, the bank on which a check is drawn is generally of little consequence to the payee and is a matter left to the

---

**1.** In *Blanton v. American Tool and Grinding Co.*, 472 F.Supp. 257 (N.D.Miss.1979) the fact that several telephone calls were received by plaintiff in Mississippi, plaintiff's assets included real and personal property located in Mississippi and "the economic consequences of the fraudulent acts of defendants showed their effect in the State of Mississippi and not in any other state," were held to have "no bearing whatsoever upon the question [of personal jurisdiction]." *Id.* at 258.

discretion of the drawer. Such unilateral activity of another party or a third person is not an appropriate consideration when determing whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction. *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, ——, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404, 412 (1984) (dismissal for lack of in personam jurisdiction).[2]

## 2. TRANSFER OF VENUE

IPMC argues that since the Plaintiff's claim is predicated in part upon the Commodity Exchange Act, venue is controlled by 28 U.S.C. § 1391(b). Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, *or in which the claim arose*, except as otherwise provided by law.

Similar actions invoking the Commodity Exchange Act have been held to have risen where the misrepresentations were made, not where they were received. *See, e.g., Leech v. First Commodity Corporation of Boston*, 553 F.Supp. 688 (W.D.Pa.1982); *Commodities Futures Trading Commission v. First National Monetary Corp.*, 565 F.Supp. 30, 32 n. 4 (N.D.Ill.1983).[3]

■ But for the Defendant's removal of this action pursuant to 28 U.S.C. § 1441(a), this Court might be inclined to agree that venue is improper in the Southern District of Mississippi. Venue in actions removed pursuant to § 1441(a) however are governed by the venue provisions of that section and not by § 1391.

But even on the question of venue, § 1391 has no application to this case because this is a removed action. The venue of removed actions is governed by 28 U.S.C. (Supp. V) § 1441(a), and under that section venue was properly laid in the Southern District of Florida.... Section 1391(a) limits the district in which an action may be "brought." Section 1391(c) similarly limits the district in which a corporation may be "sued." This action was not "brought" in the district court, nor was respondent "sued" in there; the action was *brought* in a state court and *removed* to the District Court. Section 1441(a) expressly provides that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending." ...

Therefore, the question whether respondent was "doing business" in Florida within the meaning of § 1391(c) is irrelevant, and the discussion of that question is beside the point.

*Polizzi v. Cowles Magazines*, 345 U.S. 663, 665–66, 73 S.Ct. 900, 902–903, 97 L.Ed. 1331 (1953). As noted in Wright & Miller, "The general venue statutes, Section 1391 through Section 1393, do not apply to cases that have been initiated in a state court and

**2.** The Plaintiff further attempts to show peripheral facts constituting a nexus between the Florida Defendant and Mississippi by affidavit stating that an examination of the Defendant's records for the relevant time period reveals the Defendants have had 39 Mississippi customers with total contracts valuing $1,124,121.21. The Plaintiff argues that this shows a sufficient continuing contact with Mississippi residents so as to constitute "doing business" in Mississippi. In response the Defendant contends the dollar figure is inflated since it reflects the total value of the commodities options, rather than the actual amount invested by the customers. Secondly, the Defendant argues that the 39 customers merely indicate individuals giving the Defendant Mississippi addresses and does not necessarily indicate that they are Mississippi residents. Finally, the Defendant argues that 39 customers

out of 7,580 files searched indicates less than ½ of 1% of the Defendant's business is related in any way to Mississippi. The Court is convinced that the volume of business, even assuming it were with Mississippi customers, would be insufficient in and of itself to assert in personam jurisdiction over this Defendant in Mississippi.

**3.** IPMC thus argues that this action should be dismissed or transferred to the Southern District of Florida for lack of proper venue pursuant to 28 U.S.C. § 1406(a) which states that "the district court of a district in which is filed a case laying venue in the wrong division or district, shall dismiss, or if not in the interest of justice, transfer such case to any district or division in which it could have been brought."

removed to a federal court. It therefore is immaterial that the federal court to which the action is removed would not have been in a district of proper venue if the action had been brought there originally." Wright, Miller & Cooper, *Federal Practice & Procedure Jurisdiction 2d* § 3726, at 436–37 (1985).

■ Since the Defendant's removal of this action to this Court makes venue proper in this district, the Court will now consider the Motion to Transfer in light of 28 U.S.C. § 1404(a), which allows for transfer from a proper venue. 28 U.S.C. § 1404(a) permits transfer "for the convenience of parties and witnesses, in the interest of justice" to a more convenient venue. Of primary importance to the determination of the most convenient and proper venue in this case is the Venue selection clause contained in the Customer Account Agreement signed by the parties to this litigation. The Agreement specifically provides:

> You further acknowledge and agree that any proceedings concerning disputes, claims or controversies arising out of this agreement, or any transaction with IPMC *shall be submitted to the jurisdiction of the Courts of the State of Florida or the United States District Court for the Southern District of Florida. It is further acknowledged and agreed that the venue for any action arising from this Agreement or any transactions with IPMC shall be in Broward County, Florida.* (The foregoing shall not preclude you from submitting any claim that you may have under any federal law or under the Commodity Exchange Act.)

The seminal case in construing the enforceability of venue selection clauses is the United States Supreme Court decision in *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In *The Bremen,* the Court held that, absent fraud or a showing that the party objecting to the venue selecting clause would be effectively deprived of his day in court, venue selecting clauses would be enforceable. The Plaintiff's attempt to cast this particular venue selection clause within the exceptions set out by *The Bremen* is unconvincing. The Plaintiff alleges that he was in an unequal bargaining position and that he was forced to enter into the Customer Account Agreement due to the misrepresentations of the Defendant. According to the Complaint, however, the Plaintiff had invested in a commodities program with a competitor of the Defendant prior to initially contacting the Defendant and it does not appear that the Plaintiff was entirely unsophisticated in the type of investment into which he entered with the Defendant. Furthermore, the misrepresentations of which the Plaintiff complains in his Complaint deal with margin-calls and leverage fees and not with the venue clause itself. Therefore, this exception set out in *The Bremen* is not applicable.[4] Since *The Bremen,* venue selection clauses have been almost uniformly upheld, *see, e.g., D'Antuono v. CCH Computax Systems, Inc.,* 570 F.Supp. 708, 711 (D.R.I.1983), *citing In Re Fireman's Fund Ins. Cos., Inc.,* 588 F.2d 93–95 (5th Cir.1979); *Fireman's Fund American Ins. Cos. v. Puerto Rican Forwarding Co., Inc.,* 492 F.2d 1294, 1296–97 (1st Cir.1974); *Richardson Engineering Company v. International Business Machines Corp.,* 554 F.Supp. 467, 468–69 (D.Vt.1981), *aff'd.* 697 F.2d 296 (2d Cir. 1982); *Kline v. Kawai America Corp.,* 498 F.Supp. 868, 871 n. 1 (D.Minn.1980).

■ In determining the propriety of a transfer pursuant to Section 1404(a) for the convenience of the parties, the witnesses and the administration of justice, the Plaintiff's choice of forum is generally "highly esteemed" and entitled to great weight. *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966); *Kane v. Halmark Ins. Co.,*

---

**4.** The Plaintiff's additional contention that the venue selection clause excludes actions brought pursuant to the Commodity Exchange Act is not well taken. The last parenthetical sentence in the venue selection clause merely preserves the Plaintiff's right to pursue any federal law, including the Commodity Exchange Act, but provides that such actions must be pursued in the Southern District of Florida.

409 F.Supp. 467, 468 (S.D.Fla.1976). This is particularly true when the plaintiff's choice of forum is his own home state. *Ronco, Inc. v. Plastics, Inc.,* 539 F.Supp. 391, 401 (N.D.Ill.1982). Residence for venue purposes is determined as of the time of the commencement of the action and not the time when the action allegedly arose, however. *Lipp v. Janson,* 198 F.Supp. 195 (E.D.Pa.1961). In the Plaintiff's original Complaint, he claimed to be "an adult resident citizen of the State of Pennsylvania." After objection by the Defendant on the grounds of venue, the Plaintiff amended his Complaint to allege that he "is an adult resident citizen of the First Judicial District of Hinds County, Mississippi, with his place of domicile at 110 Field Tree Court, Jackson, Mississippi 39212." Discovery conducted in the case indicates that the Plaintiff has moved to Pennsylvania and is working in Pennsylvania and has placed his Mississippi residence up for sale. Merely owning property in Mississippi does not make one a Mississippi resident for venue purposes. *See Junior Spice, Inc. v. Turbotville Dress, Inc.,* 339 F.Supp. 1189 (E.D. Pa.1972). The Court is of the opinion that the Plaintiff's choice of forum is entitled to little consideration where, as in the instant case, he has sued in a district other than the district in which he resides. *See, e.g., Pesin v. Goldman, Sachs & Co.,* 397 F.Supp. 392 (S.D.N.Y.1975); *Wibau v. American Hoist,* 293 F.Supp. 273 (S.D.N. Y.1968); *Kellner v. Saye,* 306 F.Supp. 1041 (D.Neb.1969); *Ross v. Tioga General Hospital,* 293 F.Supp. 209 (S.D.N.Y.1968); *Glenn v. TransWorld Airlines, Inc.,* 210 F.Supp. 31 (E.D.N.Y.1962).

■ The Defendant lists seven, apparently key witnesses, in addition to its Assistant Vice-President/Director of Compliance, Harvey Kochen, who reside in the Southern District of Florida. It has been held that "the most significant factor [in passing on a motion to transfer under Section 1404(a)] is the convenience of party and non-party witnesses." *Saminski v. Occidental Petroleum Corp.,* 373 F.Supp. 257, 259 (S.D.N.Y.1974). *Accord, Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). In fact, the key witness in the Plaintiff's fraud action against the Defendant is a Mr. Locigno who no longer is employed by the Defendant and is not subject to subpoena should this action be tried in the Southern District of Mississippi. In view of the importance of this testimony and the credibility determinations to be made based upon it, the Plaintiff's suggestion that his testimony be presented through videotaped deposition is particularly unappealing. While a Southern District of New York decision has referred to the availability of videotaped depositions in denying a motion to transfer under section 1404(a), *Somerville v. Major Exploration, Inc.,* 576 F.Supp. 902 (S.D.N. Y.1983), this case dealt with an expert witness, not the alleged central figure in a fraud case. Traditionally, the convenience of expert witnesses is entitled to little consideration on a motion to transfer venue, *see Wibau v. American Hoist,* 293 F.Supp. 273 (S.D.N.Y.1968), and the Defendant should not be deprived of the opportunity to present the live testimony of the individual designated by the Plaintiff as the key figure in his fraud case.

Furthermore, the disruption to the Defendant's business operations by requiring seven or eight key employees to appear for trial in the Southern District of Mississippi is a significant factor counselling in favor of transfer. *See, e.g., SEC v. Page Airways, Inc.,* 464 F.Supp. 461 (D.D.C.1978); *Trans-United Industries, Inc. v. Renard Linoleum & Rug Co.,* 212 F.Supp. 373 (E.D.Pa.1962); *United States v. General Motors Corp.,* 183 F.Supp. 858 (S.D.N.Y. 1960). Finally, the Defendant argues that the vast bulk of documentary evidence in the Southern District of Florida is an additional factor in favor of transfer to that venue. The Defendant argues that the Plaintiff has had more than one attorney in the Defendant's Florida offices for more than one week researching thousands of documents just on the jurisdictional question. It may be assumed that the documentation pertaining to the merits of the Plaintiff's claim is even more voluminous.

While it would not be impossible for the Defendant to transfer these documents to the Southern District of Mississippi, the ease of access to voluminous documents is a factor to be considered and it weighs in favor of transfer of this action to the Southern District of Florida. *SEC v. Page Airways, Inc.,* 464 F.Supp. 461 (D.D.C. 1978); *Polin v. Conductron Corp.,* 340 F.Supp. 602 (E.D.Pa.1972).

■ Finally, the Plaintiff objects to transfer of this action to the Southern District of Florida since this will interfere with his choice of Mississippi counsel. While the Plaintiff's choice of Mississippi counsel is to be considered on a motion to transfer, *Austin v. Johns-Manville Corp.,* 524 F.Supp. 1166, 1169 (E.D.Pa.1981), the ease with which foreign counsel may be admitted to practice in other districts indicates that this factor should be given little consideration. *Simmons Ford, Inc. v. Consumers Union of U.S., Inc.,* 490 F.Supp. 106 (W.D.Mich.1980); *Poncy v. Johnson & Johnson,* 414 F.Supp. 551 (S.D.Fla.1976); *Blender v. Sibley,* 396 F.Supp. 300 (E.D.Pa. 1975).

Against the manifest inconvenience to the Defendant of trying this action in the Southern District of Mississippi, we must weigh the inconvenience to a Pennsylvania resident of travelling to the Southern District of Florida as opposed to the Southern District of Mississippi to try this case. After weighing all of the factors argued by the parties on this issue, the Court is convinced that the Defendant's Motion to Transfer for the convenience of the parties and the witnesses pursuant to 28 U.S.C. § 1404(a) is well taken and should be sustained.

■ Even though at the onset of the Opinion the court ruled that the lack of contacts between IPMC and the State of Mississippi precluded the exercise of in personam jurisdiction over the Defendant, that result does not necessitate an outright dismissal of this action. This Court is convinced that the interests of justice would best be served in this case by a transfer of this action to the Southern District of Flori-da rather than a dismissal on the grounds of lack of in personam jurisdiction. In *Haire v. Miller,* 447 F.Supp. 57 (N.D.Miss.1977), the District Court noted:

> The court's ruling that it lacks personal jurisdiction over the defendants does not automatically moot plaintiff's motion to transfer. A court having subject matter jurisdiction, as this court does, but lacking personal jurisdiction over the defendant, still has authority under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) to order a transfer to another district. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913 [915], 8 L.Ed.2d 39 (1962) (transfer under section 1406(a)); *Koehring Co. v. Hyde Construction Co.,* 324 F.2d 295, 297–98 (5th Cir.1963) (transfer under section 1404(a)).

*Id.* at 59.

In light of this Court's transfer of venue to the Southern District of Florida, the Court declines to rule on the Defendant's Motions to Dismiss counts V and VI of the Complaint for failure to state a claim upon which relief can be granted. These are matters properly to be considered by the transferee court.

Accordingly, the Defendant's Motion to Transfer to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) is hereby granted.