Jessie RIPPY, Plaintiff,

v.

CRESCENT FEED COMMODITIES, INC., Defendant.

Civ. A. No. J88–0125(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 23, 1988.

Ronald L. Whittington, McComb, Miss., and George & George, Ltd., Baton Rouge, La., for plaintiff.

Senith C. Tipton, McCoy, Wilkins, Noblin & Stephens, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Crescent Feed Commodities, Inc. (Crescent) to dismiss or, alternatively, for stay of proceedings or, alternatively, for transfer. Plaintiff Jessie Rippy timely responded to the motion and the court has considered the memoranda of authorities together with attachments submitted by the parties.

Initially, Crescent seeks dismissal of this cause on two bases. First, pursuant to Federal Rule of Civil Procedure 12(b)(2), defendant alleges that personal jurisdiction is lacking. Alternatively, it requests that

if the exercise of personal jurisdiction is found to be proper, dismissal be granted on the basis of *forum non conveniens.* Crescent also seeks dismissal of this action for lack of subject matter jurisdiction due to the pendency of a lawsuit by Crescent against Rippy in a Louisiana state court; as an alternative to dismissal, Crescent requests an order staying this action pending the outcome of the Louisiana litigation. Finally, and alternatively, Crescent has moved to transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Louisiana.

This is a products liability action brought by Jessie Rippy, a Mississippi resident, against Crescent, a Wisconsin corporation with its principal place of business in Westwego in Jefferson Parish, Louisiana; Crescent is not qualified to do business in Mississippi. The facts reveal that, in response to an advertisement by Crescent in the January 14, 1987 issue of the McComb Enterprise–Journal promoting a certain feed substance produced by defendant, "grain screening pellets," Rippy telephoned defendant's place of business in Westwego, Louisiana; the company's telephone number had been included in the advertisement. Upon plaintiff's request, Crescent sent to him at his farm in Lincoln County, Mississippi a composition analysis of the grain screening pellets. Subsequently, defendant also sent Rippy a sample of the product.

On March 19, 1987, Rippy sent his agent to Crescent's place of business in Westwego to purchase 19.72 tons of the pellets. Delivery of and payment for the product were made at the Louisiana plant. According to plaintiff's allegations, after feeding the pellets to his herd of dairy cows for a period of two days, he noticed his cows had become ill. Eventually, his cattle died, allegedly as a result of ingesting the grain screening pellets produced by defendant.

Plaintiff has therefore sued charging that Crescent is liable for negligence, strict liability in tort and breach of implied warranties of merchantability and fitness for a particular purpose.[1]

In support of its motion to dismiss, Crescent states that it has never maintained an office, telephone listing, bank account or post office address in Mississippi nor has it maintained any employees, representatives, agents or distributors in the state. It does not now nor has it ever owned or leased, directly or indirectly, any property in Mississippi. And, the pellets purchased by plaintiff were not delivered or shipped to Rippy in Mississippi; rather, delivery was made to his agent at Crescent's sole business and manufacturing location in Westwego, Louisiana. Nevertheless, plaintiff urges that this court may properly exert personal jurisdiction over defendant pursuant to Mississippi's long-arm statute, Miss. Code Ann. § 13-3-57 (1972 and Supp.1988), and consistent with due process requirements of minimum contacts and fairness.

The long-arm statute provides three bases for an exercise of *in personam* jurisdiction over a nonresident defendant. Under the statute, any nonresident corporation not qualified to do business in Mississippi

> who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state, or who shall do any business or perform any character of work or service in this state, shall by such act be deemed to be doing business in Mississippi[,]

and thereby becomes amenable to the process of Mississippi courts. Rippy asserts that Crescent is subject to process and personal jurisdiction of this court under each of the three described bases. Two, though, are clearly inapplicable. While Crescent may have contracted with Rippy, a Mississippi resident, to sell him the prod-

---

**1.** Following the death of his cattle, plaintiff stopped payment on the check given in payment for the grain screening pellets. Crescent, prior to plaintiff's bringing suit in this court, instituted an action against Rippy in a Louisiana state court seeking recovery on open account. In defense of that suit, plaintiff alleged redhibition, a claim that the product was defective, and that payment was therefore not due. In this motion to dismiss, Crescent seeks dismissal or a stay of this action in favor of the Louisiana suit. That motion will be considered *infra.*

uct at issue, the grain screening pellets, neither party was to or did perform in Mississippi. Moreover, the doing business prong of the long-arm statute is not implicated since Crescent did no business and does no business in Mississippi of a systematic and ongoing nature. *See Aycock v. Louisiana Aircraft, Inc.,* 617 F.2d 432 (1980), *cert. denied,* 450 U.S. 917, 101 S.Ct. 1361, 67 L.Ed.2d 343 (1981). However, the tort portion of the statute does provide a basis for the proper service of process on defendant and potentially for an exertion of personal jurisdiction over defendant by this court.

 Plaintiff has alleged the commission of a tort by defendant, in part in the State of Mississippi. The injury which befell plaintiff, the death of his cattle, transpired in this state. Under now well established law, Mississippi's long-arm statute contains no requirement that the part of the tort which *causes* the injury be committed in Mississippi. Since injury is necessarily required to complete a tort, a tort is considered to have been committed in part in Mississippi where the injury results in the state. *Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1168 (5th Cir.1985) (quoting *Smith v. Temco, Inc.,* 252 So.2d 212 (Miss.1971)); *see also Breedlove v. Beech Aircraft Corp.,* 334 F.Supp. 1361 (N.D.Miss.1980). Accordingly, plaintiff's cause of action satisfies the requirements of and falls within the tort provision of the long-arm statute. However, while under state law Crescent is placed within the jurisdictional reach of the court, since defendant has challenged the court's jurisdiction, plaintiff must make a *prima facie* showing that federal due process considerations permit the court's exercise of personal jurisdiction. *See Thompson,* 755 F.2d at 1168.

 Under a due process test, two determinations must be made: (1) whether the nonresident has certain minimum contacts with the forum; and (2) whether subjecting the nonresident to jurisdiction within the forum will be consistent with traditional notions of fair play and substantial justice. *Id.* at 1168–69. Analysis of the defendant's contacts with the forum is intended to determine whether the defendant's conduct or activities relative to the forum indicate that the defendant has, by an affirmative act on its part, purposefully availed itself of the benefits of the forum state. Thus,

> when a nonresident defendant takes "purposeful and affirmative action," the effect of which is "to cause business activity, foreseeable by [the defendant], in the forum state," such action by the defendant is considered a "minimum contact" for jurisdictional purposes. *Marathon Metallic Building Co. v. Mountain Empire Construction Co.,* 653 F.2d 921, 923 (5th Cir.1981). "When a defendant purposefully avails himself of the benefits and protections of the forum's laws" —by engaging in activity ... outside the state that has reasonably foreseeable consequences in the state—maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. *Prejean v. Sonatrach, Inc.,* 652 F.2d 1260, 1268 (5th Cir.1981).

*Mississippi Interstate Express, Inc. v. Transpo, Inc.,* 681 F.2d 1003 (5th Cir.1982).

 The sufficiency of a nonresident's contacts with the forum state for jurisdictional purposes depends on whether a "specific" or "general" exercise of jurisdiction is contemplated; the difference between these two lies in the origin of a plaintiff's cause of action. That is, a specific exercise of jurisdiction may occur when the lawsuit arises out of the defendant's contact with the forum state. *Thompson,* 755 F.2d at 1170 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). In contrast, general jurisdiction is exercised when a state asserts personal jurisdiction over a nonresident in a suit not arising out of or related to the defendant's contacts with the forum. *Id.* In the case at bar, the sole contact between Crescent and Mississippi is its having advertised in a Mississippi newspaper, the McComb Enterprise Journal, and having sent to plaintiff a composition analysis and product sample. Plaintiff's cause of action *arises* from Crescent's manufacture and sale of the allegedly defective grain screening pellets, a product about

which Rippy learned through defendant's advertisements in plaintiff's local newspaper. That advertisement, as well as the composition report and product sample sent by Crescent to Rippy in Mississippi, led to his purchase of the product. Under the circumstances, the court considers plaintiff's cause of action to have arisen from defendant's contact with the state such that a specific jurisdiction analysis applies. Whether that contact is sufficient, though, to justify subjection of Crescent to suit in this court must be determined.

 When the issue is one of specific jurisdiction, "[e]ven a single purposeful contact is sufficient to satisfy the due process requirement of 'minimum contacts'...." *Thompson*, 755 F.2d at 1172 (citing *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957)). The sole substantive contact here, Crescent's having advertised the allegedly defective product in a Mississippi newspaper, the general circulation of which was in an area of Mississippi geographically contiguous to Louisiana and in particular that region of Louisiana in which defendant's business was located, satisfies the jurisdictional requirement of minimum contacts. Crescent's advertising in a local Mississippi newspaper was perhaps an isolated occurrence, but was certainly not fortuitous. Those advertisements were directed toward and focused on Mississippi residents and without doubt represented an attempt—a successful one —to draw customers for its product from the forum state. Crescent purposefully entered the Mississippi market to sell its product, though it was concededly never physically present within the state. *See Paul v. International Precious Metals Corp.*, 613 F.Supp. 174, 176 (S.D.Miss.1985) (physical presence of defendant in state not prerequisite to assertion of jurisdiction over defendant). Defendant was certainly aware and could have foreseen that its product would be used by Mississippi purchasers within the State of Mississippi and, in fact, that was apparently its goal in advertising within the state. It follows that Crescent could reasonably have foreseen that if its product were defective, damage could result in Mississippi. The court is persuaded that it may, consistent with due process, exert specific personal jurisdiction over Crescent, not because of the quantity of contact but rather because of the focus and purposeful nature of defendant's contact with Mississippi.[2] Not only would it be fair, just and reasonable for Crescent to be required to defend suit in this forum, but in the court's opinion, equity requires that result. Accordingly, the court is of the opinion that defendant's motion to dismiss for lack of jurisdiction should be denied.

 By its motion, defendant has requested that the court, should it find personal jurisdiction to exist, nevertheless dismiss under the doctrine of *forum non conveniens*. In support of that facet of its motion, Crescent contends that dismissal is proper since all of the wrongful acts com-

---

**2.** In *Paul v. International Precious Metals Corp.*, 613 F.Supp. 174 (S.D.Miss.1985), the court held that a nonresident's Wall Street Journal advertisement in Mississippi was insufficient to justify an exercise of *in personam* jurisdiction over that defendant, relying on a decision of the Mississippi Supreme Court in *Collins v. Truck Equipment Sales, Inc.*, 231 So.2d 187 (Miss. 1970). In *Paul*, the court observed that

> in [*Collins*], a non-resident corporation's sending representatives into a state to solicit sales did not support jurisdiction under Mississippi's long-arm statute. Where there is no personal in-state solicitation at all, as in the instant case, the rationale for assertion of *in personam* jurisdiction is even less.

*Paul*, 613 F.Supp. at 177. This court perceives a substantial distinction between the advertisement at issue in *Paul* and that present in the case at bar. The Wall Street Journal, relied on by the plaintiff in *Paul* in an effort to establish jurisdiction, was a national publication which was circulated not just in Mississippi but throughout the United States. Crescent's advertisements, on the other hand, were run in a Mississippi newspaper or more specifically, a McComb, Mississippi newspaper, and were obviously directed toward a limited number of potential readers who, not coincidentally, were in close geographical proximity to defendant's business location.

Additionally, the court would note that in *Collins* the court did not discuss the sufficiency of defendant's contact with the forum because the plaintiff had not satisfied the requirement of Mississippi law that there exist a causal relationship between the negligence alleged by plaintiff and the activities of the defendant within the forum state. *Collins*, 231 So.2d at 188.

plained of occurred at defendant's plant in Westwego, Louisiana; that the product was manufactured there, sale and delivery were consummated there and all of Crescent's employees, officers or agents are located there, as are all relevant witnesses regarding the product-related issues. The doctrine of *forum non conveniens* requires consideration of the private interest of the litigant together with "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). In *Gilbert*, the court, after delineating the factors to be weighed, cautioned that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." In the case at bar, the court is not persuaded that the factors preponderate strongly in favor of dismissal on account of *forum non conveniens*. Crescent has not indicated that the procurement of attendance of "unwilling" witnesses will present any obstacle to a trial in this forum or that the cost of obtaining the attendance of its willing witnesses, most of whom are employees of the company, would justify dismissal. The sources of proof available to Crescent are most likely within the control of Crescent such that access to them would not be impeded by this court's retention of this case. Accordingly, the court concludes that plaintiff's choice of forum is the primary factor to be considered and will not be disturbed.

In a similar vein, Crescent has moved, as an alternative to dismissal, for transfer of this action to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a) (1976). Section 1404(a) provides that

> [f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This provision allows for transfer from a proper venue to a more convenient venue. As with the doctrine of *forum non conveniens*, when considering a motion to transfer pursuant to section 1404(a), the plaintiff's choice of forum is generally "highly esteemed" and entitled to great weight, particularly when his choice of forum is his own home state, as in the present case. *Paul v. International Precious Metals Corp.*, 613 F.Supp. 174, 178–79 (S.D.Miss. 1985) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966)). Another significant factor is the convenience of both party and nonparty witnesses. *Sorrels Steel Co., Inc. v. Great Southwest Corp.*, 651 F.Supp. 623, 624 (S.D.Miss.1986). When considering the relative convenience of the witnesses proposed to be called by both Crescent and Rippy, the court finds that while a trial in this forum may be somewhat more onerous for Crescent's witnesses simply because of a slightly greater distance from their residence in and around Westwego, Louisiana, the burden on them is not significantly greater than that which would be placed on plaintiff and his witnesses should the trial be conducted in the Eastern District of Louisiana.

Defendant contends that transfer should be ordered due to the potential disruption of its business operations by requiring three or four key employees to appear for trial in the Southern District of Mississippi. Though this is of course a factor to be considered, the court finds that it does not, on balance, dictate the granting of defendant's transfer motion. Finally, the court notes defendant's further argument that the interests of justice would be served by allowing transfer to Louisiana such that a Louisiana federal judge with greater familiarity and more frequent exposure to Louisiana law may consider the issues and charge the jury in this case. As of yet, no determination has been made as to the applicable law, but even assuming that Louisiana law ultimately be held to govern, this court is not incapable of properly applying the laws of that state. Under the totality of circumstances, the court is of the opinion that the presumption favoring plaintiff's choice of forum should stand and

Crescent's motion to transfer pursuant to section 1404(a) should be denied.

The final issue raised by Crescent's motion concerns an ongoing Louisiana state court action by Crescent against Rippy for recovery on open account. In that case, Rippy has defended claiming redhibition.[3] Because of the pendency of that action, Crescent urges that this court should dismiss due to lack of subject matter jurisdiction to entertain an action over which the Louisiana court first obtained jurisdiction; in the event the court finds that it has subject matter jurisdiction, Crescent seeks, as an alternative, a stay of this action pending the outcome of the Louisiana state court suit. Neither of these contentions is well taken. Pendency of the Louisiana action does not preclude consideration of the same matter by this court, despite Crescent's argument to the contrary. The court is not required to and will not relinquish its jurisdiction in favor of that action. Further, the court finds it unnecessary to and within its discretion will not stay this action pending the outcome of the Louisiana litigation.

Accordingly, it is ordered that defendant's motion is denied.

ORDERED.