**Marty McLAURIN, Plaintiff,**

v.

**Gladys NAZAR, Defendants.**

**Civ. A. No. 1:93CV336–S–D.**

United States District Court,
N.D. Mississippi,
Eastern Division.

April 25, 1995.

Phil R. Hinton, Wilson & Hinton, P.A., Corinth, MS, for plaintiff.

John S. Hill, Mitchell, McNutt, Threadgill, Smith & Sams, P.A., Tupelo, MS, for defendant.

## MEMORANDUM OPINION DISMISSING CASE FOR LACK OF IN PERSONAM JURISDICTION

SENTER, Chief Judge.

This cause of action is before the court on defendant's motion to dismiss the case for lack of in personam jurisdiction. This case was originally filed in the Circuit Court of Alcorn County, Mississippi, but it was removed by the defendant based upon diversity of citizenship.

### Burden of Proof

Once personal jurisdiction has been challenged, the plaintiff bears the burden of establishing the trial court's jurisdiction over nonresident defendants.

> The plaintiff must demonstrate both that the long-arm statute applies and that minimum contacts exist with the forum state sufficient to satisfy the constitutional requirements of due process. When a nonresident defendant moves to dismiss for lack of personal jurisdiction, plaintiffs need not make a full showing on the merits that jurisdiction is proper but must make a prima facie showing of the facts upon which *in personam* jurisdiction is predicated to avoid dismissal for lack of jurisdiction. In this regard, "the allegations of the complaint, except as controverted by the defendants' affidavits, must be taken as true."

*Strong v. RG Industries, Inc.*, 691 F.Supp. 1017, 1018 (S.D.Miss.1988) (internal citations omitted).

### Facts

The plaintiff is a resident citizen of Corinth, Mississippi. The defendant currently resides in San Diego, California. The com-

plaint states that on or about July 16, 1992, in Collierville, Tennessee, the defendant negligently failed to yield the right-of-way which resulted in a collision between the parties' vehicles. The plaintiff asserts that the defendant was domiciled in Olive Branch, Mississippi, at the time of the automobile accident. The defendant avers that her domicile was Memphis, Tennessee, and that her brief stay in Olive Branch was never intended to be permanent.

For approximately five years prior to 1992, the defendant lived with her boyfriend in Memphis, Tennessee. She was registered to vote in Shelby County, Tennessee, and was issued a Tennessee driver's license and car tag. In 1989 or 1990, the defendant placed an ad in the *Commercial Appeal* newspaper seeking to breed her female silky terrier. She eventually bred her bitch with a sire living with Tammy Carter in Olive Branch, Mississippi. The defendant and Ms. Carter also became friends. When the defendant had domestic trouble with her boyfriend in early June of 1992, she moved to Olive Branch to stay with Ms. Carter. During her stay, the defendant did not pay rent, but split living expenses with Ms. Carter. Additionally, she secured for herself an independent telephone line. The defendant continued to work for Federal Express in Memphis. She lived in Ms. Carter's home until around Thanksgiving, at which time she moved to Collierville. In April of 1993, the defendant moved to California.

### Discussion

■ In a diversity action, a federal court must have jurisdiction over the defendant not only by means of the forum state's long arm statute, but also in a manner that does not offend traditional notions of fair play and substantial justice implicit in the Due Process Clause of the Fourteenth Amendment. *See Product Promotions, Inc. v. Cousteau,* 495 F.2d 483 (5th Cir.1974). The jurisdictional perimeter of a state's long arm statute and of the Due Process Clause are not mutually inclusive.

■ Mississippi's long arm statute provides:

Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

\*    \*    \*    \*    \*    \*

The provisions of this section shall likewise apply to any person who is a nonresident at the time any action or proceeding is commenced against him even though said person was a resident at the time any action or proceeding accrued against him.

Miss.Code Ann. § 13–3–57 (Supp.1993). This statute is broad. It allows Mississippi courts to exercise jurisdiction over nonresident defendants whose conduct within the state has caused an alleged injury (specific jurisdiction), and over nonresident defendants who have availed themselves of the protection of the laws of the state of Mississippi (general jurisdiction).

■ The long-arm statute requires the satisfaction of at least one of its conditions before it may be utilized. The parties agree that the tort prong of the long-arm statute is not applicable. The plaintiff argues that the agreement to breed the defendant's silky terrier and the installment of the telephone line at Ms. Carter's home constituted the performance of contracts or qualify as doing business in the state of Mississippi. The defendant refutes that either the "contracts" or "doing business" prongs of the long-arm statute are applicable. In the alternative, she asserts that any contacts with the state of Mississippi do not rise to the level to pass the due process clause.

■ Merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction.

See *Colwell Realty Investments v. Triple T Inns,* 785 F.2d 1330, 1334 (5th Cir.1986). Unlike the "doing business" prong, the "tort" and "contract" prongs require the cause of action to be associated with the tort or contract which occurred in or was performed in the state of Mississippi. The consummation of an agreement to breed a dog and the installation of a telephone line are not the subject of the plaintiff's cause of action. Accordingly, the "contract" prong of Mississippi's long-arm statute is not available to the plaintiff to reach the defendant. But those acts may be pertinent for the "doing business" prong.

■ The Fifth Circuit provided guidance when applying the "doing business" prong in *Cycles Ltd. v. W.J. Digby, Inc.,* 889 F.2d 612 (5th Cir.1989):

... [T]his court has distilled three prerequisites to the assertion of federal court jurisdiction in Mississippi over nonresident corporate defendants: (1) the defendant must conduct business in the state of a systematic and ongoing nature; (2) the cause of action need not be directly connected with the activity but must at least be "incident to" that business activity; and (3) the assertion of jurisdiction must not offend notions of fairness or substantial justice.

*Id.* 889 F.2d at 620 (*citing Aycock v. Louisiana Aircraft, Inc.,* 617 F.2d 432, 435 (5th Cir.1980)). Although the defendant is not a corporation, the court believes the same prerequisites may be applied to her actions. Even if the court categorized her period of residence in Olive Branch as "doing business", when considered along with the installation of a telephone line and breeding her dog, the defendant's activities cannot be characterized as systematic or ongoing. *See Applewhite v. Metro Aviation, Inc..* 875 F.2d 491, 495 (5th Cir.1989) ("In a case such as this where plaintiff's cause of action is unrelated to the nonresident's alleged contacts with the forum state, the defendant's contacts must be substantial, continuous and systematic."). The defendant only bred her dog once, and the court considers a telephone more of a necessity than an act of doing business. Second, the automobile accident is not incidental to the defendant's activities in the forum state. Finally, as will be discussed more fully later, assertion of jurisdiction over the defendant would offend traditional notions of fairness and substantial justice. The defendant's activities do not satisfy the "doing business" prong of Mississippi's long-arm statute.

■ Alternatively, if the defendant were within the forum state's long arm statute, the Due Process Clause would prevent the court from exercising jurisdiction.

The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant. A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. Due process requires that the defendant be given adequate notice of the suit, and be subject to the personal jurisdiction of the court.

*World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980) (citations omitted). Thus the reason that there must exist "minimum contacts" between the defendant and the state of Mississippi.

The concept of minimum contacts is a balance between protecting a "defendant against the burdens of litigating in a distant or inconvenient forum" and a state's desire to protect the interests of its residents and police the activities within its borders. *Woodson,* 444 U.S. at 292, 100 S.Ct. at 564. Minimum contacts also act "to ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *Id.* "The sovereignty of each State, in turn, implie[s] a limitation on the sovereignty of all of its sister States—a limitation express or implicit in both the original scheme of the Constitution and the Fourteenth Amendment." *Id.,* 444 U.S. at 293, 100 S.Ct. at 565. "[T]he Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment." *Id.,* 444 U.S. at 294, 100 S.Ct. at 566 (citing

*Hanson v. Denckla,* 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283 (1958)).

In a magnificent piece of legal writing, Judge Rubin summarized the applicable principles as follows:

The number of contacts with the forum state is not, by itself, determinative.... What is more significant is whether the contacts suggest that the nonresident defendant purposefully availed himself of the benefits of the forum state.

"When a defendant purposefully avails himself of the benefits and protection of the forum's laws-by engaging in activity ... outside the state that bears reasonably foreseeable consequences in the state-maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice." ... In addition to the existence of foreseeable consequences, courts consider "the quantity of contacts, and the source and connection of the cause of action with those contacts" in determining whether a defendant's actions constitute "purposeful availment."

Two other factors are also relevant in determining whether the exercise of personal jurisdiction comports with due process. The first is "the interest of the state in providing a forum for the suit." ... Finally, the "relative conveniences and inconveniences to the parties" are also relevant.

*Brown v. Flowers Industries, Inc.,* 688 F.2d 328, 333 (5th Cir.1982) (citations and footnotes omitted).

"The minimum contacts the constitution requires depend on whether the court is asserting specific or general jurisdiction over the defendant." *Villar v. Crowley Maritime Corp.,* 990 F.2d 1489, 1496 (5th Cir.1993). "[S]pecific exercise of jurisdiction may occur when the lawsuit arises out of the defendant's contact with the forum state." *Rippy v. Crescent Feed Commodities, Inc.,* 710 F.Supp. 1074, 1077 (S.D.Miss.1988). "Gener-

al jurisdiction over a foreign [defendant] may be properly exercised when the cause of action does not arise out of or relate to the [defendant's] activities in the forum state, but sufficient contacts exist between the forum state and the foreign [defendant]." *Sorrells v. R & R Custom Coach Works,* 636 So.2d 668, 673 (Miss.1994) (citation omitted).

When a claim involves an exercise of general jurisdiction, a defendant's contacts with the forum state must be so 'systematic and continuous' as to reasonably support an exercise of jurisdiction.

*Martin & Martin v. Jones,* 616 F.Supp. 339, 341 (S.D.Miss.1985) (*citing Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1171 (5th Cir.1985)).[1] "These contacts must amount to something more than occasional 'fortuitous' instances where the defendant had in the past come into some casual, isolated contact with an in-state resident." *Alpaugh v. Moore,* 568 So.2d 291, 294 (Miss. 1990) (citation omitted). As discussed in the context of the "doing business" prong of Mississippi's long-arm statute, the defendant's contacts to the forum are not sufficient to be considered systematic and continuous.

Additionally, the court cannot exercise jurisdiction over the defendant without offending "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

A court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."

*Asahi Metal,* 480 U.S. at 113, 107 S.Ct. at 1033 (quoting *Woodson,* 444 U.S. at 292, 100

---

1. "[E]ven a single purposeful contact is sufficient to satisfy the due process requirement of 'minimum contacts' when the cause of action arises from the contact." *Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1172 (5th Cir.1985) (citation omitted). The exercise of specific jurisdiction requires "[t]he 'substantial connection,' [], between the defendant and the forum State nec-

essary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." *Sorrells,* 636 So.2d at 674 (citations omitted); *see Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L.Ed.2d 92 (1987). Specific jurisdiction is not applicable to the circumstances of this case.

S.Ct. at 564). The court finds that it would be extraordinarily burdensome upon the defendant to be subject to trial in the Northern District of Mississippi for an automobile accident which occurred in Tennessee.

Accordingly, the defendant's motion to dismiss for lack of in personam jurisdiction is well taken.